## WALES *v.* JONES.

Plaintiff commenced two suits against defendant on the same day, for the same cause of action—one by declaration and the other by attachment. The court presumed, nothing appearing on the record to the contrary, that the suit by declaration was first commenced, and held that a plea of that suit in abatement of the attachment suit was bad, because the plea did not state that it was still pending.

Where a plea in abatement averred another suit was commenced at the same time, upon and for the not performing the very same identical promises and undertakings, without adding, *in the said declaration in this present suit mentioned,* or other equivalent words, it was held bad on that account.

CASE reserved from Wayne Circuit Court. Suit by attachment. Plea in abatement, of the commencement of another suit at the same time and for the same cause of action. Demurrer and joinder.

*Van Dyke and Emmons,* for plaintiff.

*Lothrop and Duffield,* for defendant.

*By the court,* GREEN, J. Several questions were made on the argument of the demurrer in this cause, and it is insisted that the plea in abatement is bad : 1, Because it does not aver that the other suit is still pending at the time of pleading.

The general rule seems to be well settled, according to the English authorities, that when two suits are commenced at the same time, for the same cause of action, they mutually abate each other; and that the writs in both being bad, *ab initio,* no subsequent discontinuance of one will make the other good; and that a former suit for the same cause, pending at the time of purchasing a second writ, may be pleaded in abatement of the second suit, without alleging that the first suit is pending at the time of putting in the plea. The reason assigned is, that " the law abhors a multiplicity of suits; and therefore, whenever it appears on record that the plaintiff has sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in*

*infinitum;* and it is not necessary that both should be pending at the time of the defendant's pleading in abatement; for if there was a writ in being at the time of suing out the second, it is plain the second was vexatious, and ill *ab initio.*" See 1 Bac. Abr. 13, Dublin ed. of 1786.

In New York it has been holden, that if the former suit be discontinued before receiving the plea in abatement, such plea cannot prevail. 1 John. Cas. 397.

Mr. Gould, in his Treatise on Pleading, p. 284, says: " It is immaterial whether the first suit is pending at the time of defendant's *pleading* in abatement of the second. If the first was pending when the second was *commenced,* the latter may be abated, as being *vexatious ab initio.* And on principle, it seems that this plea can never prevail, except in cases where the latter suit is *vexatious.* Hence, when it appears that the first action must have been *ineffectual,* the courts of Connecticut have often determined that its pendency shall not abate the second, because, in such a case, the latter is not *vexatious.*"

This appears to be the sound and reasonable doctrine upon the subject, and will perhaps reconcile the apparent diversity of decisions in the courts of the different states and in England. When a plaintiff at the same time commences two suits in the same form, for the same cause of action, and causes the defendant to be arrested and held to bail in both, or his goods to be attached in both, it is at once apparent that his conduct is vexatious and oppressive, and a palpable abuse of the process of the court, and justice forbids that he should derive any benefit from either of his suits. But where the record shows apparent good faith in the commencement of the second suit, and that the first was discontinued before the defendant is called upon to plead in the second, so that he is not unnecessarily harrassed by the defence of two suits for the same cause at the same time, the second suit cannot be deemed vexatious, and cannot therefore be abated by the pendency of the prior suit when it was commenced. On the contrary, to hold the second suit abateable for that cause, would be to make the law favor, rather than abhor, a multiplicity of suits, inasmuch as it would render another action necessary, when the plaintiff's claim is a meritorious one.

In the present case, it appears from the record, that on the same day, the plaintiff commenced an action against the defendant by declaration, under the statute; and also sued out an attachment against his

goods and chattels; and that the declaration and attachment were both served on the same day. It being deemed impossible, and, indeed, not being averred, that both suits were actually commenced at precisely the same point of time, we cannot presume that the attachment suit was actually commenced first, but, nothing appearing in the record to the contrary, we may fairly infer that the suit by declaration was in fact first commenced.

Upon looking into the record, we find an affidavit of the plaintiff, sworn to on the same day, setting forth that the defendant is indebted to him, &c., " and that said Jones is about to assign or dispose of his property with the intention of defrauding his creditors," &c., the substance of which affidavit is recited in the writ of attachment.

The question now arises, whether a creditor, after commencing a personal action against his debtor, if he shall discover that such debtor is about to dispose of his property for the purpose of defrauding him of his debt, may lawfully avail himself of the special remedy afforded by the statute in such case, to secure himself against the consequences of the contemplated fraud? I think he may, and that the plea not averring the other suit to be still pending, is bad.

2. It is also objected that the plea is bad, because it avers only that the other suit was brought " upon and for the not performing the very same identical promises and undertakings," without adding the words, " *in the said declaration in this present suit mentioned*," or other words equivalent thereto, showing what promises and undertakings are referred to.

Pleas in abatement are not to be favored, and certainty to every intent is required. Nothing can be taken by intendment in favor of the pleader; and without intending something which is not expressed in the plea, it is entirely uncertain. It is said, in 3 Chitty's Pl. 903, note y, that the precedents of pleas in abatement of another action depending, vary in point of form; sometimes they set forth the declaration in the first action—but others, as in the precedent there found, are more concise; and various precedents in each form are referred to. The precedent in Chitty, and those referred to of that description, contain the words, *in the said declaration in this present suit mentioned;* and so, I believe, are all the precedents in which the declaration in the first suit is not set forth in the plea.

Several other objections were raised upon the argument, which it is not necessary to notice.

It must be certified to the circuit court for the county of Wayne, as the opinion of this court, that the plaintiff is entitled to judgment upon the demurrer, and that the defendant answer over.

*Certified accordingly.*