## Theodore Pew and another v. Peter Yoare.

*Plea of another suit pending.*—In a suit commenced by attachment, a. plea in abatement was interposed, that *at the time of the commencement of the suit* another suit was pending between the same parties, for the same cause of action. It was held that the plea was bad, because it did not state that the former suit was still pending : — *Wales v. Jones,* 1 *Mich.* 254.

*Recovery in attachment suit not limited to amount sworn to be due.*—In an attachment suit, the plaintiff is not limited in his recovery by the sum sworn to be due in the affidavit on which the attachment was issued, if, by the proof, a greater amount is shown to be due.

*Certiorari to justice : error not affecting the merits.*—Whether a Circuit Court should reverse the judgment of a justice of the peace on certiorari, because the judgment rendered exceeds the amount claimed in the *ad damnum* clause of the declaration, quere ?

*Heard, July 17th. Decided, October 27th.*

Error to Berrien Circuit Court, into which the suit was brought by certiorari, directed to J. W. Brewer, a justice of the peace.

The writ of certiorari was allowed upon the affidavit of Theodore Pew, one of the defendants in the justice's court, alleging as grounds of error, — First, that the said justice erred in overruling the demurrer of said defendants, to plaintiff's replication, for the following reasons: 1st. Such replication was no wise in answer to, or put in issue, anything alleged or set forth in the said plea in abatement: 2d, The facts in said replication, as therein averred, afford no grounds for sustaining the plaintiff's writ and

declaration; and 3d, that such replication was in other respects insufficient in substance and form.

Second. That the justice further erred in that, on over-ruling said demurrer, the judgment should have been that the defendants answer over, and not a final judgment against defendants.

Third. That the said justice further erred in not sustaining the said demurrer of said defendants; that the facts alleged in said plea in abatement might have been inquired into by the court, and, if found to be true, that the said writ might have been quashed.

Fourth. That the said justice further erred in giving judgment for the sum of $238 78. 1st. The amount sworn to be due, as appears by the affidavit upon which the writ in this case was issued, is but the sum of $219 95, and 2d, The damages alleged in the plaintiff's declaration and therein claimed by him is but $100.

The following is the return of the justice to the writ of certiorari.

State of Michigan, County of Berrien, ss. I, J. W. Brewer, the justice of the peace in the writ hereunto annexed named, do certify to the Circuit Court for said county, that before the coming to me of the said writ, to-wit, on the 26th day of January, 1860, at the request of Peter Yoare, in the said writ named, I issued a writ of attachment, directed to any constable of the said county, commanding him to attach so much of the goods and chattels of Theodore Pew and Franklin Pew, under the name and firm of T. & F. Pew, as would be sufficient to satisfy said demand, and safely to keep the same to satisfy any judgment that may be recovered by the said Peter Yoare, in the said writ named; which writ was returnable on the 4th day of February, 1860, at my office in the township of St. Joseph, at ten o'clock in the forenoon; which attachment, on or before the return day thereof, was delivered to me by A. J. Barhight, a constable of the

said county, with a return thereon signed by him, served the 26th day of January, 1860, by seizing one one-horse buggy with top or cover, one new one-horse cutter, one pile driver and hammer, one big line, the property of the defendants T. & F. Pew, and on the same day served upon the defendants personally a copy of the attachment, and of the inventory duly certified by him.

And I do further certify that, at the time and place specified for the return of the said attachment, the said parties appeared before me, and the said plaintiff, by Horace Guernsey, his attorney, declared orally against the defendants as follows: "On two promissory notes, and one due bill, produced and filed in court, which read as follows, to-wit:

$51 01                   St. Joseph, October 12th, 1859.

Sixty days after date we promise to pay, to the order of Peter Yoare, fifty-one and 01-100 dollars value received.

T. & F. Pew.

$51 02                   St. Joseph, October 12th, 1859.

Thirty days after date we promise to pay to the order of Peter Yoare fifty-one and 2-100 dollars, value received.

T. & F. Pew.

$173 19                  St. Joseph, October 17th, 1859.

Due Peter Yoare one hundred and seventy-three and 19-100 dollars, value received.          T. & F. Pew.

Also, for work and labor, care and diligence, done and performed by the plaintiff for the defendants at their request, also for money expended at their request, to the damage of the plaintiff one hundred dollars."

To which defendants filed a plea in abatement to the plaintiff's writ and declaration, which is hereunto annexed, to which plea the plaintiff filed a replication, which is also hereunto annexed, and plaintiff moved to adjourn. I therefore adjourned the suit until the eleventh day of February, 1860, at one o'clock in the afternoon, and on the adjourned day the parties appeared: F. Muzzy for the plaintiff, and

PEW v. YOARE.

amended his said replication by consent of defendants' attorney; D. A. Winslow appeared for the defendants; defendants by their attorney demurred in writing to the amended replication, which demurrer is also hereunto attached. Demurrer overruled.

Plaintiff offered the said notes and due bill in evidence, and thereupon the plaintiff rested his case: the defendants made no defense.

And I also certify that the foregoing is all the testimony given on the said trial, and that after examining the said notes and due bill filed in said cause, and also after hearing the allegations of the plaintiff, defendants making no defense, I, the said justice, did forthwith render judgment, in favor of the plaintiff against the defendants, for $238 78 damages, and also two dollars and twenty cents costs.

And in further answer to the facts set forth in the copy of the affidavit on which the said writ of certiorari was allowed, I do further certify and return, as to the replication, it seems to me that everything was set forth that was necessary; Second, As to the demurrer, I think it was bad, because it did not set forth that both suits were pending at the same time; Third, The plaintiff showed that the former suit commenced by summons was withdrawn on the second day of February, 1860, it being the adjourned day of said suit, and costs taxed to the plaintiff two days before the return day of the attachment; Fourth, Judgment was rendered for the sum of $238 78, because there was no way of ascertaining the defendants' claim against the plaintiff, if any they had; the plaintiff's affidavit by which the writ was issued was for but $219 95, as near as he could estimate the same; so I took the notes for the best evidence, as there was no offset, except that upon the backs of said notes: and as to the damage alleged in the plaintiff's declaration of one hundred dollars, it is very evident that he intended it separate from the notes.

All which I send with the process, pleadings and other

things touching the aforesaid proceedings and judgment, as by the said writ I am commanded.

Given under my hand this 26th day of August, 1860.

J. W. BREWER, justice of the peace.

*Plea in Abatement.*

The said defendants pray judgment of the said writ and declaration in this cause, and that the same may be quashed, because they say that, at the time of the commencement of the suit, another suit was pending for the same cause of action, before J. W. Brewer, Esq., a justice of the peace in and for the township of St. Joseph, in the county of Berrien, and that the parties to such former suit were the same, and identical with the parties to this suit, and none others; and that such former suit so thus pending was commenced by summons on the 19th day of January A. D. 1860, and was made returnable on the 26th day of January aforesaid, at which last mentioned time, the said suit was adjourned to the 2d day of February, 1860, as appears of record; and this the said defendants are ready to verify, &c. Wherefore they pray judgment of the said writ and declaration, and that the same may be quashed.                       T. & F. PEW,

By D. A. Winslow, their Att'y.

State of Michigan, county of Berrien, ss. D. A. Winslow, of said county, being duly sworn, deposes and says that he is attorney for said defendants, and knows the facts set forth in the above plea, and that the same is true in substance and matter of fact. D. A. WINSLOW.

Sworn to and subscribed this 4th day of February A. D. 1860, before me.

J. W. BREWER, Justice of the Peace.

*Replication.*

And the said plaintiff says, that the said summons ought not to be quashed, because he says, that said former suit, in said plea mentioned, was not pending at the time of

filing of defendants' plea in this suit, in manner and form as the said defendant hath above, in his said plea in that behalf, alleged, but had been discontinued by plaintiff, and this the said plaintiff prays may be inquired of by the court.

### Demurrer.

And the said defendants say, that the replication of the said plaintiff to defendants' plea in abatement is insufficient in law.

The judgment rendered by the Justice on these pleadings, in favor of Yoare, was affirmed by the Circuit Court.

*D. A. Winslow*, for plaintiffs in error.

*F. Muzzy*, for defendant in error.

MANNING J.:

The first suit was commenced by summons, the last by suing out an attachment. The plea of the first suit in abatement of the last was therefore bad, in not averring, as it should have done, the pendency of the first suit at the time of putting in of the plea. *Wales v. Jones*, 1 *Mich.* 254, we think conclusive on this point.

There is nothing in the statute regulating proceedings in attachment suits, limiting the plaintiff's recovery to the amount stated and sworn to be due in the affidavit on which the attachment is issued. If a greater amount is shown to be due, we know no reason why the plaintiff should not have judgment for it.

The $100 *ad damnum* was probably intended to cover the common counts only. However that may be, the Circuit Court was right in refusing to reverse the justice's judgment on that account. It in no way affected the merits of the case. The statute requires the Circuit Court to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imper-

fections, or defects in the proceedings before the justice, which did not affect the merits: — *Comp. L.* § 3881.

I think the judgment should be affirmed, with costs.

CAMPBELL J.:

I think the $100 *ad damnum* clause had no reference to the claims specially declared on, and that the declaration was therefore broad enough to support the judgment without the aid of intendment. I concur in affirming it, therefore, on this ground, and because the plea in abatement was insufficient.

MARTIN CH. J. concurred.

*Judgment affirmed.*