# CHARLESTON.

## WILLIAMS et al v. BROWN et als.

Submitted June 8, 1911.   Decided March 5, 1912.

1.  PRINCIPAL AND SURETY—*Discharge of Surety—Neglect to Proceed Against Principal.*

Release of property of a principal debtor, sufficient to pay the debt and held under levy by virtue of an execution, at the instance of the creditor, after service of the statutory notice from the sureties to make the debt out of the property of the principal, wholly discharges the sureties, even though the debt, as to the principal, has not been paid, nor the execution legally satisfied.   (p. 473).

2.  QUIETING TITLE—*Remedies of Sureties—Release of Judgment Lien.*

Under such circumstances, the sureties may, in equity compel execution of a release of the lien of the judgment as to their real estate as constituting a cloud on the title.   (p. 474).

3.  EQUITY—*Pleading—Bill—Multifariousness.*

A bill for such purpose by two sureties, owning separate tracts of land, on the titles to which such lien is a common cloud, is not multifarious.   (p. 474).

4.  ELECTION OF REMEDIES.

Institution of a summary statutory proceeding for the release of such lien by one of such sureties does not preclude his joinder with a co-surety in a suit in equity to obtain the same relief.   (p. 474).

(BRANNON, PRESIDENT, absent).

Bill in equity by James E. Williams and another against Beeson H. Brown and others.   From the decree, defendants Brown and another appeal.

*Affirmed.*

*W. Scott*, for appellants.

*Charles G. Coffman*, for appellees.

POFFENBARGER, JUDGE:

The decree appealed from in this cause, canceled, annulled and declared void, as to the plaintiffs, a judgment of a justice

of the peace, recorded in the clerk's office of the county court, so as to make it a lien upon their property, and required Beeson H. Brown, assignee of William O. Straley, the judgment creditor, to execute a release of said judgment in so far as it affects them. They were sureties for the debt for which the judgment was acquired and, after the recovery thereof, made a proper demand upon Straley, the creditor, under the statute, Code ch. 101, to proceed against the property of the principal debtors, J. H. Watson and Lucy Watson, and make his money out of the same. Thereupon an execution was levied upon sufficient property to pay the debt, or the constable advertised such property upon which he had previously levied. Then Mabel Watson intervened by petition, claiming title to the property, and the finding upon the issue made upon her petition was against her. This litigation ended August 24, 1905, and, on the next day, Straley gave to the constable the following written directions as to the execution: "Return execution against J. H. Watson and Lucy Watson, F. C. Robinson and James E. Williams in my favor satisfied, as J. H. Watson has settled same with me less costs which he will settle with you and oblige." This order or direction the constable obeyed. On the same day, Straley assigned the judgment to Beeson H. Brown. It had not in fact been paid. J. H. Watson and Lucy Watson and B. H. Brown, the assignee, had given to Straley their note for the amount of it and Watson had assigned to Straley the rents of certain real estate owned by him to be by Straley collected and applied on the note. The personal property so levied on and released was afterwards disposed of by the Watsons and the collection of rents of the real estate was cut off by a receivership.

As the constable had in his hands property of the principal debtors out of which he could have made all of the debt, and released it at the instance of the creditor, notwithstanding the sureties had previously notified the latter to proceed and make his money out of that property, the discharge of the sureties from liability for the debt is a matter of simple justice and in accord with positive law. Code, ch. 101, secs. 1 and 2. The judgment having thus become unenforcible against the sureties or their property, the recorded abstract thereof constituted a cloud on the titles to their real estate. *Ambler* v. *Leach,* 15 W.

Va. 677, 697. Here the execution had been actually levied upon property amply sufficient to pay the whole debt, and the liability of the property to sale under the execution adjudicated. The release of this lien upon specific property discharged the sureties, whether the substitution of the note for the judgment was intended as payment or satisfaction of the judgment as averred in the bill, or not. "It has long been the settled rule in equity, that where there are principal debtor and surety, if the creditor, without the knowledge and consent of the surety, makes any contract with the principal, by which he ties up his hands from proceeding to recover his debt, or discharges any specific lien on the principal's property, out of which he might have made the debt, he releases the surety from his obligation." *Ward* v. *Vass,* 7 Leigh 135, 138. Though there may not have been a legal satisfaction of the judgment, as claimed by the bill, facts constituting a discharge of the sureties are clearly shown. Satisfaction of the judgment in the full sense of the term was not necessary to such discharge. The judgment may remain valid and in force as against the principals, and the sureties be nevertheless discharged.

The demurrer to the bill was properly overruled. *Moore* v. *McNutt,* 41 W. Va. 698, does not sustain the argument for multifariousness. In that case, the two titles asserted in the bill were wholly distinct and unconnected. Here the two plaintiffs are jointly interested in the same question, the vital matter in controversy. The case is therefore ruled by *Depue* v. *Miller,* 65 W. Va. 120. Robinson, one of these plaintiffs, instituted a summary proceeding for the release of the judgment lien under the provisions of chapter 76 of the Code, before this suit was instituted. This did not preclude him from uniting with Williams, his co-surety, in this suit, nor Williams from instituting it. Robinson had a right of election which was not destroyed by his mere institution of the statutory proceedings. He did not prosecute it to a finality. All the defendants could have required of him, as prosecutor of two proceedings, was an election as to which he would rely upon. The institution of one did not bar the other. *Gibbs* v. *Perkins,* 4 Hen. & M. 415.

Finding no error in the decree, we affirm it.

*Affirmed.*