# CHARLESTON.

### E. C. STONE v. L. KAUFMAN.

Submitted April 27, 1921. Decided May 3, 1921.

1. DISMISSAL AND NONSUIT—*Plaintiff May Discontinue Unless Defendant Prejudiced.*

   A plaintiff always has the right to discontinue his suit unless to do so will result in legal prejudice to the defendant other than the mere prospect of future litigation rendered possible by the discontinuance. (p. 590).

2. ELECTION OF REMEDIES—*Specific Performance and Action for Damages Not Inconsistent.*

   The remedies of specific performance and an action at law for damages for a breach of a contract to convey land are not inconsistent; and a party to a contract breached by the other may pursue either but not both remedies. (p. 590).

3. COVENANTS—*Inchoate Dower as "Incumbrance" Within the Contract to Convey.*

   An inchoate right of dower is an incumbrance on the land of the husband within the meaning of a covenant in his contract to convey free from incumbrances. (p. 591). ·

4. VENDOR AND PURCHASER—*Failure of Grantor's Wife to Join in Conveyance Under Contract to Convey Free from Incumbrances Held to Render Him Liable to Purchaser as for Fraudulent Misrepresentations.*

   Where one contracts to sell and convey his land to another with covenants of general warranty and free from incumbrances knowing that his ability to comply therewith depends on the contingency of his wife's joining with him in the deed, he thereby represents to the purchaser that she will join with him in the deed, and if she fails to do so, such represen-

tation amounts to fraud and misrepresentation, and renders him liable to the purchase for compensatory damages. (p. 592.)

Error to Circuit Court, Mercer County.

Action by E. C. Stone against L. Kaufman. · Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Sanders & Crockett, A. G. Fox,* and *Strother, Sale, Curd, & Tucker,* for plaintiff in error.

*French, Easley & Easley,* for defendant in error.

MILLER, JUDGE:

In an action of trespass on the case in assumpsit for damages for defendant's alleged breach of his contract to sell and convey to plaintiff, assignee of said contract, what is described and known as the Masonic Building, running from Bland to Federal streets in the city of Bluefield, plaintiff obtained a verdict and judgment for $5,272.00 with interest and costs. From this judgment defendant was awarded this writ of error.

By the terms of the contract, under seal, pleaded and introduced in evidence, dated March 28, 1919, defendant, in consideration of the sum of five dollars cash in hand paid and acknowledged, thereby covenanted and agreed to sell, grant and convey said property with covenants of general warranty of title and free from incumbrance, to W. R. Crenshaw, or his assigns, at any time within ninety days from the date thereof, for the consideration therein set forth, namely, $20,000.00, payable one-third in cash, and the balance to be represented by notes payable in one, two and three years, with interest; secured by deed of trust upon the property.

Upon defendant's appearance he tendered and was permitted to file, over plaintiff's objection, a special plea, averring the institution by plaintiff in the same court of his prior suit in equity seeking specific performance of the same contract, thereby electing that remedy, and wherefore it was averred plaintiff was thereby barred from the prosecution of

his action at law, upon which plea defendant prayed judgment.

To this plea plaintiff tendered and, over defendant's objection, was permitted to file a special replication in writing averring that he ought not be barred of his present action at law by reason of anything averred in defendant's plea, for the reason that before the tendering by defendant of his said plea, plaintiff had moved the court for leave to dismiss his said suit in equity, and which suit, over the objection of defendant, had been dismissed prior to the tendering of defendant's said plea, and that there was not then pending any such suit as was mentioned in said plea.

The only other plea tendered, and on which issue was joined, was the general plea of non assumpsit, with the result before the jury already indicated.

We think there was no merit in defendant's plea in bar. The record of the chancery suit shows that while it was instituted in July 1919, prior to the institution of the suit at law in September 1919, it had never been prosecuted to final decree, and that prior to defendant's special plea in bar, plaintiff, by leave of the court, dismissed said suit in equity and thereby, while he had the right to do so, elected to abandon said suit in equity and rely on his action at law for damages.

Plaintiff was not concluded as for an election by first instituting his suit for specific performance. Though defendant had answered before dismissal, he sought no affirmative cross-relief, and the law of this jurisdiction is that a plaintiff has always the right to discontinue his suit, unless to do so would result in legal prejudice to the defendant other than the mere prospect of future litigation rendered possible by the discontinuance. 2 Hogg's Equity Proc. §840; *Williams* v. *Brown,* 70 W. Va. 472; *Gibbs* v. *Perkinson,* 4 H. & M. 415; *Pullman's Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138; *Glasscock* v. *Brandon,* 35 W. Va. 84.

This is not a case presenting inconsistent remedies, in which the plaintiff may be bound by an election, and for which authorities are cited by defendant. The remedy of

specific performance and by an action for damages for a breach of a contract, are not inconsistent. Under the law, a party to a contract breached by the other may pursue not both but either remedy, as our cases on the subject all hold. So we find no merit in the point that plaintiff was barred by his suit for specific performance. *Williams* v. *Brown, supra; Bright* v. *Mollohan,* 75 W. Va. 116.

What would have been the measure of plaintiff's relief in his suit for specific performance, if he had elected to pursue that remedy, we need not say, for he has elected to pursue defendant in a suit at law, where legal not equitable principles must be applied. It is well settled, however, that a contract for the sale of land which is impossible of performance can not be specifically enforced, as for example, when the vendor has no title, or if the contract, as in this case, is to convey free from incumbrances and the vendor is for any reason incapable of so conveying the land, he can not in equity be compelled to do the impossible thing.

The reason, and the only reason, relied on by defendant in his answer in the suit for specific performance, and on the trial of the present action, was that his wife, who was not a party to the contract, would not join him in the sale and conveyance of the property, so as to release her inchoat right of dower therein, wherefore he could not perform the contract to convey free from incumbrances, as he believed he would be when he entered into the contract.

But is an inchoate right of dower such an incumbrance as breaches a covenant against incumbrances? In our opinion it is. The authorities generally so regard it. 7 R. C. L. 1137; *Ficklin's Adm'r.* v. *Rixey,* 89 Va. 832, 37 A. S. R. 891, and note 893. It was so held, by implication at least, in *Crookshanks* v. *Ransbarger,* 80 W. Va. 21. In that case we held that though the wife join her husband in an executory contract to sell and convey his land, such contract does not operate as a release of her inchoate right of dower, and that she can not be compelled to specifically perform the contract on her part, and that this inability of the vendee to obtain a perfect and unincumbered title confers upon him the right

to abandon the contract, and no doubt gives him right of recovery for damages against the vendee for breach of the contract. Since this case arose, however, the Legislature has amended section 6 of chapter 73 of the Code, relating to the effect of a married woman's contract to sell and convey land. But we need not consider what the proper construction of the amended statute is. It is not applicable to the present case.

The plaintiff and vendee in this case being now in a court of law seeking redress in the form of damages for an alleged breach of the contract by defendant, the real question involved, presented by the evidence pro and con, and by the rulings of the court on the admission and rejection of evidence and instructions given and refused, is, what is the true measure of plaintiff's demages?

An exception to the general rule, to which we are committed, originating in the early English case of *Flureau* v. *Thornhill,* 2 Wm. Blackstone, 1078, and followed in the early Virginia decisions binding us, is that in the absence of fraud or bad faith on the part of the vendor the true measure of damages of the vendee is the sum paid and expenses incident to the sale with interest from the time paid until the date of recovery thereof, and if he has paid nothing he is entitled to only nominal damages for a breach of the contract. *Mullen* v. *Cooke,* 69 W. Va. 456; *Hoon* v. *Hyman,* 87 W. Va. 659, 105 S. E. 925, where the Virginia decisions are cited. The English case, while not followed by all the states, has been followed with varying modifications in a number of them. The Supreme Court of; the United States in an early case declined to follow it. *Hopkins* v. *Lee,* 6 Wheat. 109. This exception to the general rule in the subsequent decisions, English and American, will be found in 2 Sutherland on Damages, (4th ed.), §§578-582 inclusive; and 3 Williston on Contracts, §1399.

Defendant having elected not to execute a deed to the purchaser, because of his wife's alleged refusal to join therein, the question of prime importance is: What is the true measure of damages? The general rule in relation to the sale of property, particularly personal property, is the difference be-

tween the contract price and the value at the time of delivery, giving to the purchaser the benefit of his bargain; but in the sale of real estate, in the absence of fraud or collusion, the rule is somewhat different, as our cases previously cited will show.    In the sale of real estate, fraud and collusion being eliminated, the rule is substantially the same as in   actions for breach of covenants for warranty where there has been an eviction, which is the amount of the purchase money paid with interest.    3 Enc. Dig. Va. & W. Va. 765; 17 *Id.* 236.

It is only where fraud or collusion is properly imputable to him that the vendor, as in the case of an agent exceeding his authority, or of a vendor knowing of defects in his title or of his inability to comply with his contract, undertakes to sell and convey land, can be mulcted in damages beyond the actual damages sustained by the purchaser, that is, repayment of the purchase money, with interest, costs, etc.    Within these rules and principles, nothing having been paid by the vendee, can the purchaser recover substantial or compensatory damages? Kaufman knew, when he entered into the contract sued on in this case, that his ability to execute it depended on the contingency of his wife's joining with him in the deed.    It is said that the purchaser also knew this fact; but should a purchaser be denied the benefits of his bargain because he does not make inquiry of the wife or demand evidence of her willingness to join in executing the contract?    We think this burden should be placed on the husband, and that in such cases the exception to the general rule recognized and enforced in the English case of *Flureau* v. *Thornhill, supra,* should be regarded as inapplicable.    The authorities recognizing and enforcing that exception are generally agreed that it should be strictly limited to cases of latent defects in title, not known to the vendor when entering into the contract.    In the case of *Drake* v. *Baker,* 34 N. J. L. 358, the exact point here presented was decided, namely, that where the vendor knowing his ability to comply depends on the contingency of his wife's joining with him  in the deed, undertakes to sell his land with covenants of general warranty and free from incumbrances, the vendee will be entitled to substantial damages or full indemnity.    In

the New Jersey case the court quotes from *Sikes* v. *Wild,* 1 Best & Smith, 596, the comment of Chief Justice Cockburn on this rule, to the effect that it probably had its origin in the difficulty in which, in the complicated and highly artificial state of the English law relating to real property, an owner of real estate having contracted to sell was frequently placed from not being able to make out a title such as a purchaser would be bound or willing to take. The New Jersey case was followed in Indiana, in *Puterbaugh, Adm'x* v. *Puterbaugh,* 7 Ind. App. 280, where it is held that, ''where the vendor fails to carry out his contract, and fails to convey a portion of the real estate sold, either by his refusal to convey, or by being unable to convey, as where the wife refuses to relinquish her inchoate interest, the vendee may recover, in damages, the value of the land not conveyed at the time of the breach, less the unpaid contract price, if any remains.'' In the case of *Bitner* v. *Brough,* 11 Pa. St. 127, relied upon by both parties, the court held, in accordance with our rule, that where the vendor is without fraud, but is incompetent to make out a title, the vendee was not entitled to damages for loss of his bargain beyond the amount of money paid out with interest and expenses, but held that where the vendor is guilty of collusion, tort, artifice and fraud, to escape from a bad bargain, the vendee is not only entitled to compensatory damages but to damages arising from the loss of the bargain or which he might have derived from its completion. These facts and circumstances led the court, in that case, to say that they justified a much more decided expression of opinion in the construction given that there was a combination among the different members of the family to rid themselves of an inconvenient bargain, and if so, of course plaintiff was entitled to substantial damages covering the loss of his bargain. In our case of *Lazzell* v. *Keenan,* 77 W. Va. 180, we held that where after prior deed of trust in which the wife joined with her husband, he sold the land for a fair and reasonable price, but for less than the amount of the lien, the purchaser had the right to have the purchase money applied to the discharge of the lien, pro tanto, and to be subrogated to the rights of

the creditor as against the wife's prior lien, and it was therefore not error in the court to discharge the payment of the purchase money and its application to the lien in the manner indicated.

We agree with the New Jersey and Indiana courts that the exception to the general rule noted in the English cases, and followed here and in Virginia, and in many other courts, ought not be applied in a case where a vendor undertakes to sell and convey his land with covenants of general warranty and free from incumbrances, knowing that his ability to execute his contract depends on the contingency of his wife's joining with him in the deed. When he makes such a contract the vendor represents to the purchaser that his wife will join him in the deed, and if he does not know whether she will or not, it is his duty to know, and his representation amounts to a fraud and misrepresentation, and as a matter of law he is thereby rendered liable to the purchaser in compensatory damages if he fails to fulfill his contract. The court below having substantially so instructed the jury by instructions numbers one and two for plaintiff, resulting in the verdict and judgment complained of, we are of opinion to affirm the judgment.

*Affirmed.*