# CHARLESTON.

JANET DUNN, *Exr'x., etc.* v. STUMP & COPENHAVER, *Inc., et als.*

(No. 6454)

Submitted May 14, 1929.     Decided May 21, 1929.

*Robert H. C. Kay* and *R. N. Stephens, Jr.,* for plaintiff in error.

WOODS, PRESIDENT:

Defendants, after obtaining an option from Mrs. I. E. Alexander on a parcel of property at a price of $33,500.00, to be represented by cash or its equivalent in notes, entered into an understanding with one John A. Parsons, whereby the latter tentatively agreed to take the property at $40,000.00 —part in cash and notes, and the balance represented by his equities in certain other properties on which the mortgages would have to be assumed in addition thereto. Immediately upon this understanding, the defendants went to Mrs. Alexander and informed her that they would not be able to sell her property for more than $30,000.00, and secured a second writing whereby she agreed to take as her net consideration $27,256.54. In order to satisfy Mrs. Alexander in regard to a consideration of cash and notes, the defendants secured a loan sufficient in size to make the consideration passing to her equal to $27,256.54 in cash and notes, and upon delivery of same a deed was executed to Parsons. The deed made no mention of the properties taken over by the defendants. Defendants testified that the market value of the equities in the properties turned in by Parsons did not in fact equal that specified in the deal between them.

In its essence the present action by Janet Dunn, as Executrix of the estate of Mrs. Alexander, deceased, is a common-law action for deceit. Her complaint, in substance, is that her decedent was induced to modify a contract concerning the sale of her property through reliance upon certain false representations made by the defendants, whereby she lost money. *Horton* v. *Tyree,* 104 W. Va. 238. After hearing

the evidence, the trial court, on motion of the defendants, entered judgment for them, and dismissed the case.

According to Parsons, he paid $2,500.00 in cash, and gave eight notes for $2,500.00 each, a note for $550.00, and assumed a paving assessment at $1,223.60, or a total of $24,273.60, exclusive of his $10,000.00 and $5,000.00 equities, respectively, in the properties turned in. In order to make a *prima facie* case, it was necessary for the plaintiff to show that her decedent was hurt by the representations of the defendants. *Horton* v. *Tyree, supra.* This would require a showing that the property in reality brought more than $30,000.00, and that the plaintiff's decedent knew nothing of the deal between the defendants and Parsons. The witnesses for the plaintiff all testify that no mention was made concerning the property to be taken in on the deal with Parsons, but this is denied by the defendants. Now, as to whether or not there is appreciable evidence in regard to the consideration claimed to have passed between Parsons and the defendants. Defendants were permitted, over objection, to testify that after they were charged with having defrauded plaintiff's decedent, they offered to transfer their equities to the decedent's estate, providing the heirs would take the properties assumed by defendants and give the latter a commission of $1,500.00. And one of the heirs was cross-examined, over objection, regarding such tender, and answered to like effect. The admissibility of this evidence is challenged. An offer on behalf of defendants to turn over any benefit they may have derived through their deceit would be admissible only in mitigation of damages, and then only after it had been shown possible of execution and that actual tender had been made promptly and before the market value of the property had undergone a change. 12 R. C. L. "Fraud and Deceit", sec. 204. The offer, however, where it imposes an additional burden upon the injured party, as here, is inadmissible for any purpose. Under the circumstances, we believe the testimony of Parsons as to the value of the equities in the properties was sufficient to have submitted the matter to the jury on proper instructions. It is a well-settled rule that if from any view of the

evidence a verdict would be sustained in favor of the plaintiff, the trial court may not instruct in favor of the defendant.

The two instructions asked for by the plaintiff seem to correctly propound the law, except they fail to limit the recovery, if any, to the difference between the $27,256.54, agreed upon in the second agreement, and the $33,500.00, the amount set out in the original option. If the plaintiff's decedent was induced by the false representations, or by lack of proper disclosure due her from defendants, to enter into the second contract, and was injured thereby, under the general rule in such cases the jury shall assess as damages such sum as will compensate her for the loss or injury actually sustained, and as will place her in the same position that she would have occupied had she not been so defrauded. 12 R. C. L. 451.

Inasmuch as this case must be remanded for a new trial, we have purposely refrained from attempting a full summary of the evidence or making any comment upon the weight thereof.

*Reversed; new trial awarded.*