### WYNGARDEN *v.* LAHUIS.

#### SAME *v.* SAME.

1. ABATEMENT AND REVIVAL—VEXATIOUS SUIT.

   Where second suit by attachment was apparently commenced in good faith, and another suit by summons then pending was dismissed before defendant must plead, second suit may not be deemed vexatious, and therefore motion to dismiss was properly denied.

2. GARNISHMENT—ANCILLARY TO PRINCIPAL SUIT.
   · Garnishment is ancillary to principal suit and is not commencement of action.

Certiorari to Ottawa; Cross (Orien S.), J. Submitted June 10, 1930. (Docket Nos. 79, 80, Calendar Nos. 34,854, 34,855.) Decided June 27, 1930.

Separate actions of assumpsit by Douwe M. Wyngarden and Gerrit D. Wyngarden against Chester J. LaHuis for breach of contract for the sale of stock. Defendant reviews orders denying motion to dismiss by certiorari. Affirmed.

*John R. Dethmers,* for plaintiffs.

*Corwin, Norcross & Cook,* for defendant. ·

POTTER, J. Plaintiff, a resident of Ottawa county, commenced suit against defendant, a nonresident of the State, in Kent county, September 5, 1929, by summons, returned unserved on the same day, and filed contemporaneous with the commencement of suit an affidavit for and procured the issuance of a writ of garnishment. After service of the writ of garnishment the garnishee defendant disclosed liability. October 11, 1929, plaintiff commenced suit in Ottawa county by attachment against defendant. An affidavit was filed and a writ of garnishment issued directed against the same garnishee defendant proceeded against in the suit in Kent county, and the garnishee defendant disclosed liability. Defendant appeared specially in the second case and moved to dismiss the suit in Ottawa county because of the action pending in Kent county. Before that motion was heard plaintiff dismissed the suit commenced in Kent county. Defendant's

motion to dismiss was denied and plaintiff here brings certiorari.

Defendant relies upon *Morgan* v. *Hoey,* 209 Mich. 655. There is language in that opinion which sustains defendant's position, but it was unnecessary to a decision of the case and contrary to the weight of authority.

"Where the record shows apparent good faith in the commencement of the second suit, and that the first was discontinued before the defendant is called upon to plead in the second, so that he is not unnecessarily harassed by the defense of two suits for the same cause at the same time, the second suit cannot be deemed vexatious, and cannot therefore be abated by the pendency of the prior suit when it was commenced. On the contrary, to hold the second suit abatable for that cause would be to make the law favor, rather than abhor, a multiplicity of suits, inasmuch as it would render another action necessary, when the plaintiff's claim is a meritorious one." *Wales* v. *Jones,* 1 Mich. 254, 255.

The situation must depend upon the principal suit commenced. Garnishment is ancillary and not the commencement of an action. *Milwaukee Bridge & Iron Works* v. *Wayne Circuit Judge,* 73 Mich. 155.

In *Pew* v. *Yoare,* 12 Mich. 16, the question of former adjudication was sought to be raised by plea in abatement which alleged that at the time of the commencement of suit by attachment another suit was pending commenced by summons. To this plea plaintiff filed a replication alleging the discontinuance of the first suit commenced by summons at the time of the filing of defendant's plea. This replication was demurred to. It is said:

"The first suit was commenced by summons, the last by suing out an attachment. The plea of the

first suit in abatement of the last was therefore bad, in not averring, as it should have done, the pendency of the first suit at the time of putting in of the plea.''

We think these cases decisive of the question involved. Judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.