Oscar Lee Hambrick, *Admr.* v. T. K. Spalding

(No. 8102)

Submitted April 17, 1935. Decided April 30, 1935.

*Lilly & Lilly,* for plaintiff in error.

*Mohler, Peters & Snyder, Rummell, Blagg & Stone* and *H. Rummel Anderson,* for defendant in error.

MAXWELL, JUDGE:

In the court of common pleas of Kanawha County this action of damages for the alleged wrongful death of plaintiff's decedent, Lee Allen Hambrick, resulted in a directed verdict for the defendant, and a judgment of *nil capiat*. The circuit court affirmed the judgment. We awarded writ of error to the circuit court's action.

For preliminary determination is the question of jurisdiction of the court of common pleas, which question is raised by a plea in abatement filed at October Rules, 1933, and a special plea filed April 9, 1934, upon issue joined whereon the court found for the plaintiff in May, 1934. The defendant cross-assigns error thereon. The basis of his position in this particular is that at the time of the institution of the instant action there was pending in the circuit court of Kanawha County another action by the plaintiff against the defendant for the same purpose.

The proceeding at bar was instituted in the court of common pleas September 1, 1933. The plaintiff had sued the defendant in a similar action in the circuit court of said county in December, 1932. Therein, a verdict in favor of the plaintiff was set aside by the circuit court in April, 1933. The matter thus stood in the circuit court until November 4, 1933, when the plaintiff was granted a non-suit. In its order, the circuit court recited that the order of non-suit had been authorized and directed to be entered in July, 1933, but through inadvertence and mistake it had not then been entered, therefore, it was "ordered that the same be entered now for then."

Whether, the circumstances considered, the order of non-suit should relate back to July, 1933, under the *nunc pro tunc* provision (*State* v. *Thornhill*, 111 W. Va. 258, 161 S. E. 431) need not be considered, because, though the first action be deemed pending when the second was instituted, no consequence necessarily should have followed than that the plaintiff dismiss one or the other. *Williams* v. *Brown*, 70 W. Va. 472, 474, 74 S. E. 409; *Stone* v. *Kaufman*, 88 W. Va. 588, 590, 107 S. E. 295. He had a right to institute a second action.

Dismissal of the first suit removed the bar to the prosecution of the second. 1 Ency. Pl. & Pr., p. 755; 1 Ruling Case Law, p. 11. He might have moved the circuit court to set aside the non-suit and re-instate the action (Code, 56-8-12, 13), or, prior to non-suit, he might have sought transfer to the court of common pleas (Acts 1915, chap. 109, sec. 16), but he did not attempt either course. The plan he adopted, however, being within his rights, we hold that the court of common pleas properly found for the plaintiff on the issue raised by the plea in abatement and the special plea.

Lee Allen Hambrick came to his death in an automobile collision soon after twelve o'clock in the morning of September 25, 1932, at the intersection of Main Street and Glenwood Avenue in the city of Charleston. Main Street is an arterial highway extending east and west intersected at right angles by Glenwood Avenue. There are stop signs for vehicular traffic entering the street from the avenue.

It is the theory of the plaintiff's case that the automobile which the deceased was driving was proceeding eastward on Main Street and that the defendant's automobile, operated by him, was moving south on Glenwood Avenue and, entering the intersection without stopping, struck the side of the automobile driven by deceased just in front of the left rear wheel, throwing both machines into a spin, resulting in the above stated fatality. The defendant denies that the automobiles were proceeding as contended for by the plaintiff, but says that he (defendant) was driving his automobile eastward on Main Street and that the automobile driven by plaintiff's decedent was going north on Glenwood Avenue and entered the intersection without stopping, thereby causing the collision.

There is sharp conflict of testimony of numerous witnesses as to the respective courses of travel of the two automobiles prior to the collision.

When the automobiles came to rest following the impact, the machine which had been driven by plaintiff's decedent was near the curb on the east side of Glenwood Avenue about ten feet from the north line of Main Street, and the de-

fendant's automobile was on the north side of Main Street about ten feet from the east line of Glenwood Avenue. The automobile in which plaintiff's decedent was riding was badly injured on the left side. Defendant's was seriously damaged in front, the resultant distortion of the frame indicating that the pressure of the blow it received or gave was from the right to left. The trial court was of opinion that the physical facts were controlling, and for that reason verdict for the defendant was directed.

If it may be considered that the position in which the automobiles came to rest after the collision tends to sustain the theory of the defendant rather than the plaintiff, we are of opinion that such position of the cars affords, at most, merely a basis for deduction, and is not a conclusive demonstration of how the collision must have occurred. Likewise, if the injuries to the automobiles tend to support the defendant's theory rather than the plaintiff's, again, we say there is presented thereby merely a postulate for inference and not a matter of absolute certainty.

We make no expression as to whether the trial court was warranted in believing that the physical facts tend to support the defendant rather than the plaintiff, but, even if they do, we are of opinion that such facts do not conclusively demonstrate the falsity of the plaintiff's contention. Therefore, we hold that the case is for jury determination. "Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence." *Nichols* v. *Coal Co.*, 112 W. Va. 85, 163 S. E. 767. In point: *Phillippi* v. *Telephone Co.*, 113 W. Va. 470, 168 S. E. 762; *Dunn* v. *Copenhaver*, 107 W. Va. 406, 148 S. E. 382; *Nichols* v. *Coal Co.*, 116 W. Va. 163, 179 S. E. 70. The last case cited carries this reiteration of an old rule: "Upon conflicting testimony as to the facts, questions of negligence and contributory negligence are ordinarily for jury determination." Departure from that rule should be grounded on moral certainty.

It follows that the judgments of the circuit court and of the court of common pleas must be reversed, the verdict set aside and the case remanded to the court of common pleas for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*