## GEORGE H. BLYTHE
### vs.
## HENRY RUPF

Court of Common Pleas    Hartford County    File #37337

MEMORANDUM FILED MAY 28, 1938.

Hugh M. Joseloff, of Hartford; Kimberly Cheney, of Hartford, for the Plaintiff.

John H. Cassidy, of Waterbury, for the Defendant.

MOLLOY, J.   This action was instituted by the issuance of process on the defendant on March 3, 1938 and was returnable on the first Tuesday of April. The plea in abatement was filed on April 1st. At the time the plea in abatement was filed there was pending in this court an action on the same cause of action between the parties instituted on December 18, 1937. In that action on April 17, 1938 and before the trial of the plea in abatement to the present action, the plaintiff filed a motion to withdraw which came on for hearing on April 29, 1938, and was for cause shown granted pursuant to section 5494 of the General Statutes, Revision of 1930. This operated to terminate the action on the date upon which it was granted.

The basis of this plea in abatement, is that at the commencement of this action there was pending in this court between the same parties as the parties to this action, and from

the same cause another action as that set forth in the instant complaint. A similar question came before the Honorable Ernest A. Inglis in the Superior Court in the case of *Gauchi vs. Round Hill Dairy, Inc.,* 3 Conn. Sup. 14, 15, wherein Judge Inglis said: "The modern and better rule is that even though a former action is pending at the institution of a second action, if that former action is terminated at any time prior to the hearing on a plea in abatement in the second action, the former action does not abate the second action," and in support of the foregoing proposition cited 1 C.J. Abatement and Revival, §132; 1 R.C.L. Abatement and Revival, §2. See, also, 1 Am. Juris. Abatement and Revival, §19.

The dismissal or discontinuance of the former suit after a plea in abatement has been made in the second suit will remove the objection (of another action pending) unless the second suit was brought for the purpose of vexation.

In most jurisdictions such a plea (in abatement because of another action pending) will not be sustained if the prior action has been discontinued or dismissed, whether this occurred before or after the commencement of the second action or before or after the filing of the plea. 1 C.J.S. Abatement and Revival, §71.

(a) *Gentilala vs. Fay Taxicabs, Inc.,* 214 App. Div. 255, 212 N.Y.S. 101.

This was an action for personal injuries and when it came on for trial the defendant's answer in abatement pleaded that an action had previously been commenced by a firm of attorneys other than those representing plaintiff in this second action. The attorneys for the plaintiff in the other pending action then moved, during the trial and in this second action, to discontinue the former action. The granting of that motion and the consequent hearing of the case on its merits was upheld by the Appellate Division and in turn by the Court of Appeals, each citing *Porter vs. Kingsbury,* 77 N. Y. 164, 167, wherein it is stated: "In this state the rule is settled that a discontinuance of the first suit after the commencement of the second suit may be shown in answer to the plea, and in this respect the stringency of the ancient rule has been relaxed."

(b) *Manufacturers' Bottle Co. vs. Taylor-Stites Glass Co.,* 208 Mass. 593, 595, 95 N.E. 103, 105.

The defendant in a suit filed a set-off (held to be the equivalent of an independent action) and later by a separate suit brought by himself prosecuted the same claim as plaintiff. The court held that the second suit would then have been abatable, on the ground that there was another action pending, but for the fact that after the plea in abatement in the second suit was filed, a demurrer to the set-off in the first suit was sustained. The court cited many cases in support of its proposition that "a plea in abatement, founded on the pendency of a former action for the same cause, may be avoided by the discontinuance or other termination of the former action after the plea is filed."

(c)  *Hershey vs. Kerbaugh, Inc.,* 242 Pa. 227, 232, 88 Atl. 1009, 1011.

A suit in equity was pending when another suit for damages was brought, and before it was reached for trial the equity suit was withdrawn. To the objection based upon another action pending the court replied: ". . . it by no means follows that the pendency of the equity suit would be a bar to the present action. The plaintiffs are at liberty to discontinue the former suit at any time, and if called upon to do so, can make reply that no such action is pending. *Findlay vs. Keim,* 62 Pa. 112."

(d)  *Hambrick vs. Spalding,* 116 W. Va. 235, 179 S.E. 807.

The syllabus by the court states: "Where a second suit was instituted on the same cause of action as in another suit pending in a different court, an order of non-suit in the first on plaintiff's motion, promptly after a plea in abatement had been filed in the second, removed the bar to the plaintiff's right to proceed in the second."

(e)  *Wyngarden vs. LaHuis,* 251 Mich. 276, 278, 231 N. W. 572.

"Where the record shows apparent good faith in the commencement of the second suit, and that the first was discontinued before the defendant is called upon to plead in the second, so that he is not unnecessarily harassed by the defense of two suits for the same cause at the same time, the second suit cannot be deemed vexatious, and cannot therefore be abated by the pendency of the prior suit when it was commenced. On the contrary, to hold the second suit abatable for that cause would be to make the law favor, rather than

abhor, a multiplicity of suits, inasmuch as it would render another action necessary, when the plaintiff's claim is a meritorious one. *Wales vs. Jones,* 1 Mich. 254, 255."

The above seems ample authority to sustain the position of the plaintiff in this action. The plea in abatement, therefore, is overruled.