# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary Sigman,**
**Plaintiff Below, Petitioner**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0412** (Putnam County 15-C-273)

**Discover Bank,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gary Sigman, by counsel Benjamin M. Sheridan and Daniel K. Armstrong, appeals the March 31, 2016, order of the Circuit Court of Putnam County that dismissed his complaint against Respondent Discover Bank. Respondent Discover Bank ("Discover Bank"), by counsel John J. Meadows and Peter J. Raupp, filed a response. Petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2009, Respondent Discover Bank filed a complaint in the Circuit Court of Putnam County against Petitioner Gary Sigman for the balance of a debt on a credit card issued by respondent to petitioner. The circuit court entered a judgment in favor of Discover Bank for the full amount of the debt, $13,889.79, and Discover Bank obtained a lien on petitioner's property through the judgment. On March 30, 2012, petitioner and respondent agreed to settle the debt for the amount of $1,330. On or about July 25, 2013, respondent informed petitioner that his payment was received, and "that the account had been settled."

The lien was not released within thirty days of receipt of petitioner's payment, and on or about September 25, 2015, petitioner drafted a letter to respondent requesting that the lien be released. Petitioner filed a complaint against respondent on November 19, 2015[1]; on that same date, the lien was released. On December 28, 2015, respondent filed a motion to dismiss the complaint, asserting that the complaint failed to state a claim upon which relief could be granted. On that same date, petitioner filed an amended complaint. The amended complaint asserted causes of action for (1) violations of the West Virginia Consumer Credit Protection Act

---

[1] The complaint alleged violations of the West Virginia Consumer Credit and Protection Act, common law negligence, common law defamation, and an "action to release lien."

1

("WVCCPA") for falsely representing the status of a debt as a result of a the failure to release the lien; (2) common law negligence; (3) common law defamation – for failing to release the lien within the required thirty-day time period pursuant to West Virginia Code § 38-12-1(a); and (4) an action to release the lien.

On January 8, 2016, respondent moved to dismiss the amended complaint. Petitioner filed a response on January 19, 2016. The circuit court heard oral argument on February 18, 2016. On the morning of the hearing, petitioner filed a motion to amend his amended complaint. The circuit court did not grant petitioner's motion. By order entered March 30, 2016, the circuit court granted respondent's motion to dismiss. With respect to the WVCCPA claim, the circuit court found that after July 26, 2013, there was no debt and that in order for a claim to be brought under the WVCCPA there must be a debt and a debt collector. The circuit court also found that a judgment lien is a statutory creation, and that there is no common law negligence claim for failing to release a lien. Regarding the defamation claim, the circuit court found that the "continuing tort" doctrine does not apply to defamation actions, and accordingly, this claim was barred by the statute of limitations. The circuit court held further that the failure to release a lien does not constitute a new statement for the purposes of a defamation claim. Petitioner now appeals the order of the circuit court that dismissed his claims under the West Virginia Consumer Credit Protection Act.

Petitioner asserts four assignments of error on appeal. Petitioner asserts that the circuit court erred in finding that petitioner must owe a debt in order to bring a cause of action under the WVCCPA; that the circuit court's finding that plaintiff's negligence claim was barred because of the existence of a statutory remedy was clearly erroneous; that the circuit court erred in finding that the continuing tort doctrine does not apply in defamation actions; and that the circuit court's dismissal of the action was improper as Discover Bank had transferred the satisfied debt to a third-party who then began attempting to collect on the debt while litigation was pending.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Moreover, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (internal citations omitted). Furthermore, "[o]n appeal of a dismissal based on granting a motion pursuant to West Virginia Rules of Civil Procedure 12(b) (6), the allegations of the complaint must be taken as true." Syl. Pt., 1, *Wiggins v. E. Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987).

Petitioner first complains that the circuit court erred in stating the law of the WVCCPA. The circuit court found that there was no longer a debt and that the respondent's act of failing to release the lien was not an attempt to collect a debt. The circuit court concluded that, as a result, petitioner failed to state a claim for any violations of the WVCCPA. Petitioner asserts that, contrary to the circuit court's findings, there is no requirement that there be an actual debt in order to file a claim pursuant to the WVCCPA. In response, respondent states that petitioner, in his first amended complaint, did not allege that respondent was attempting to collect a debt, which is required, and that as a result, the circuit court decision was appropriate.

2

We agree with respondent and find that the circuit court did not err in finding that petitioner failed to state a claim under the WVCCPA. Although petitioner's complaint asserts that respondent improperly attempted to collect a debt, the complaint neglects to assert that a debt existed which respondent was attempting to collect. In fact, the basis of petitioner's claim is that a debt did not exist and respondent improperly attempted to collect. Further, it is clear from the plain language of these statutes that for a claim to be brought pursuant to these sections of the WVCCPA there must be a debt, and a debt collector attempting to collect the debt. In his amended complaint petitioner alleged that respondent violated West Virginia Code § 46A-2-127, by making a false implication of character, and West Virginia Code § 46A-2-124, by making a false representation regarding the status of a debt, in failing to release the lien as required by West Virginia Code § 38-12-1[2]. Section 124 of the WVCCPA states, in relevant part that, "[n]o debt collector shall collect or attempt to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce." W. Va. Code § 46A-2-124. Section 127 states, in relevant part, "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code § 46A-2-127. For the foregoing reasons we find that the circuit court did not err in making this finding.

Petitioner next complains that the circuit court erroneously ruled that he could not bring a common law claim of negligence for failure of a lienholder to release a lien. *See Williams v. Brown*, 70 W. Va. 472, 74 S.E. 409 (1912). Petitioner asserts that this ruling bars petitioner from pursuing any remedy in this matter, and is a violation of his constitutional rights under article 13, section 17 of the West Virginia Constitution. We disagree. "It has been a mainstay of Anglo–American jurisprudence that the common law gives way to a specific statute that is inconsistent with it; when a statute is designed as a revision of a whole body of law applicable to a given subject, it supersedes the common law." Syl. Pt. 1, *Bell v. Vecellio & Grogan, Inc.*, 197 W. Va. 138, 475 S.E.2d 138 (1996) (internal citation omitted).

Our legislature clearly enacted West Virginia Code § 38-12-10[3], to establish a

---

[2] Every person entitled to the benefit of any lien on any estate, real or personal, or to the money secured thereby, whether the lien was created by conveyance, judgment, decree, lis pendens, notice of attachment, deed of trust, contract or otherwise, shall be required to furnish and execute an apt and proper written release thereof free of charge to the debtor whose obligation secured by such lien has been fully paid and satisfied, if the lien is of record in the proper county. Such release shall be executed and furnished to the debtor within thirty days after the debt has been satisfied.

W. Va. Code § 38-12-1.

[3] In case of the failure of the party holding such lien to furnish and execute an apt and proper release upon request of the party entitled thereto as required by section one [§ 38-12-1] of this article, the circuit court having jurisdiction may, on motion, after reasonable notice to the party so failing, and if no good cause be shown against it, direct the clerk of the county commission to execute such (continued . . .)

mechanism for recovery of damages against a party for failure to release a recorded lien. *See State ex rel. U.S. Bank Nat'l Ass'n v. McGraw*, 234 W. Va. 687, 694 n.8, 769 S.E.2d 476, 483 n.8 (2015) (W. Va. Code § 38–12–10 [1987] establishes a cause of action against a party holding a recorded lien who fails to execute a proper release.) For the foregoing reasons, we find this assignment of error lacks merit.

Petitioner next complains that the circuit court erred in finding that the continuing tort doctrine does not apply in defamation actions. Petitioner asserts that the defamation was only recently discovered, and, therefore, petitioner is within the time limits of the statute of limitations. Respondent argues that the concept of continuing tort requires a showing of repetitious, wrongful, conduct and asserts that the only "statement" made in this case occurred at the time the lien was filed, and that the "statement" was true. We agree. We have held that "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." Syl. Pt. 3, *Roberts v. W. Va. Am. Water Co.*, 221 W. Va. 373, 655 S.E.2d 119 (2007).

Further, "[t]he distinguishing aspect of a continuing tort with respect to negligence actions is continuing tortious conduct, that is, a continuing violation of a duty owed the person alleging injury, rather than continuing damages emanating from a discrete tortious act." Syl. Pt. 4, *id.* The lien, when filed, was a true statement, as such, the filing of a lien cannot support a claim for defamation. *Assuming arguendo* that the failure to remove a lien within thirty days made it an untruthful statement, that untruthful statement would have been made on August 26, 2013. As petitioner did not file his suit until November of 2015, the statute of limitations had run prior to the filing of his suit.[4] Therefore, this assignment of error has no merit.

Petitioner finally argues that the circuit court's dismissal was improper because it had prima facie evidence that respondent, through a collection agency, was, at the time of the proceedings, still attempting to collect a debt from petitioner.[5] Respondent counters that at the February 18, 2016, hearing, on respondent's motion to dismiss, petitioner sought to amend his complaint a second time and produced a December 9, 2015, letter from a debt collection agency for the first time. Respondent argued that this motion to amend was untimely, was not noticed for

---

release, and it shall thereupon have the effect of releases executed under section one of this article. The proceedings shall be at the cost of the lienholder who so refuses without good cause and the court shall also award reasonable attorney fees and court costs to the person entitled to such release if such person be the prevailing party.

W. Va. Code § 38-12-10.

[4] An action for defamation is subject to a one year statute of limitations. *See* West Virginia Code § 55-2-12.

[5] The letter stated that Discover Bank retained counsel to collect a claim from petitioner in the amount of $13,889.79.

a hearing, and was not properly before the circuit court.

Our review of the record reveals that the circuit court did not grant petitioner's motion to file a second amended complaint nor admit the December 9, 2015, letter into evidence at the February 18, 2016, hearing. The circuit court's order does not reference the letter or the second amended complaint. We have held, "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 1, *State v. Calloway*, 207 W. Va. 43, 528 S.E.2d 490 (1999) (internal citations omitted). Further, "[t]he appellate review of a ruling of a circuit court is limited to the very record there made and will not take into consideration any matter which is not a part of that record." Syl. Pt. 6, *id.* (internal citations omitted). Accordingly, based upon the record before us, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 7, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker