## RODGERS *v.* MIKOLAJCZAK.

1. JUDGMENT—PRINCIPAL CASE—GARNISHMENT—EMPLOYEE STATUS.
   Two determinations controlling issue as to plaintiff's status when raised in garnishment proceedings against insurer under policy excluding coverage of employees, which had been made in principal case are (1) its general verdict for plaintiff on question of fact as to whether or not plaintiff was an employee of principal defendant's decedent at time plaintiff was injured when a passenger in decedent's truck and (2) jury resolution that plaintiff was then an employee in response to special question in harmony with its general verdict for plaintiff.

2. MASTER AND SERVANT—DEFINITION—SPECIAL QUESTIONS—AUTOMOBILE PASSENGER.
   The term "acting employee" was correctly defined to jury incident to submission to it of special question in principal action as to whether plaintiff at time of injury was an employee of defendant well digger in that such term excluded one who is an employee but not then engaged in working for his employer but including an employee then engaged in his actual work or preparing for that work or doing incidents

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 5 Am Jur, Attachment and Garnishment § 957.
[2] 35 Am Jur, Master and Servant § 2.
[3] 53 Am Jur, Trial § 1065.
[5] 4 Am Jur, Attachment and Garnishment § 6.
[6] 5A Am Jur, Automobile Insurance § 165.

of that work, where plaintiff, at time of injury, was being transported in principal defendant's truck insured under garnishee's policy excluding coverage of injuries to employees (CL 1948, § 618.39).

3. TRIAL—SPECIAL QUESTIONS.

Special question which was determinative of plaintiff's relation with defendant well digger either as, or as not, latter's employee was properly given to jury, where such determination was controlling on the main issue of liability for negligent injuries (CL 1948, § 618.39).

4. JUDGMENT—RES JUDICATA—GARNISHMENT.

An unappealed judgment in action against principal defendant became conclusive of the plaintiff's status in the principal case and is equally conclusive in subsequent garnishment proceeding.

5. GARNISHMENT—ANCILLARY PROCEEDING.

A garnishment proceeding is ancillary to the main action against the principal defendant.

6. INSURANCE—AUTOMOBILES—LIMITATIONS.

The liability of an insurer under an automobile insurance policy to third persons is not greater than that of the insured and would be subject to limitation of such liability in the policy.

Appeal from Bay; Smith (Richard G.), J. Submitted April 13, 1960. (Docket No. 21, Calender No. 48,371.) Decided September 15, 1960.

Case by Roy Rodgers against Clarence Mikolajczak, administrator of the estate of Henry Groh, deceased, for personal injuries sustained while a passenger in deceased's truck, resulted in judgment for plaintiff. Garnishment proceedings against Allstate Insurance Corporation, an Illinois corporation, defended on policy exclusion. Judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*Baker & Baker (Oscar W. Baker* and *Edward M. Sharpe,* of counsel), for plaintiff.

*Stanton & MacKenzie (H. Monroe Stanton,* of counsel), for garnishee defendant.

DETHMERS, C. J.    This is a garnishment action against garnishee defendant insurance company to secure payment, under a liability insurance policy covering a truck owned and operated by the assured, principal defendant's decedent, Groh, on a judgment plaintiff had secured against the latter's estate for injuries sustained while a passenger in the truck. From judgment for garnishee defendant, plaintiff appeals.

In the principal suit plaintiff's declaration, as amended, alleged that at the time of injury plaintiff was not a guest passenger but an employee of Groh accompanying him on a business trip, that the business had been completed and they were on their way home, that it had been agreed in the contract of hire that, as part of the consideration for plaintiff's labor, Groh would furnish him transportation to and from work, and that plaintiff was at the time a passenger for hire.    This was denied in defendant's answer. The pretrial statement sets forth that plaintiff claimed to be a passenger for hire and that defendant denied it.   On trial plaintiff submitted a request to charge that he was "not a guest passenger in the vehicle of Henry Groh but was a passenger for hire and was in the said truck upon the business of the said Henry Groh."

On trial of the principal suit the proofs showed that Groh was in the well-digging business; that he employed plaintiff to use Groh's drilling equipment and to dig wells for him; that on numerous previous occasions Groh and plaintiff had made business calls on the proprietress of a tavern in a resort area, who cleared requests of cottagers for wells and directed such business to Groh; that Groh got the orders or jobs, turned them over to plaintiff and put him to work on them when plaintiff knew where the jobs were located; that on the occasion in question they called on her for that purpose and discussed a well

job in that area and the time when it could be drilled. After the discussion plaintiff and Groh left the tavern, entered the truck, and proceeded a short distance when the accident occurred. There was no testimony that Groh was then taking plaintiff home or that there was or had been any agreement that, as part of the consideration for plaintiff's labors, Groh would transport him to or from work. Neither was there any other testimony to show or from which it might be inferred that plaintiff was a passenger for hire.

At the conclusion of proofs in the principal suit the court submitted to the jury the following special question:

"Was the plaintiff, Roy Rodgers, an acting employee of Henry Groh at the time of the automobile accident on April 11, 1956?"

The jury answered the question "Yes" and returned a general verdict for plaintiff. In submitting the question to the jurors the court defined the term "acting employee" as excluding one who is an employee but not then engaged in working for his employer, but including an employee then engaged either in his actual work or "in the act of preparing for that work or doing the incidents of that work."

The insurance policy involved contains the following exclusionary clause:

"This policy does not apply:   *   *   *

"(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the assured arising out of and in the course of (1) domestic employment by the assured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."

In these garnishment proceedings the question is whether plaintiff was an employee of Groh within

the meaning of the quoted clause, thus relieving the insurance company from liability. The trial court held that the jury's answer to the special question in the principal case, in effect, answered this in the affirmative, and that the answer was supported by competent evidence, and, hence, found for garnishee defendant.

Plaintiff objects, contending that the question was improperly submitted for 2 reasons which we shall consider first: (1) that it was not a question of fact, but law, which should not have been put to a jury under CL 1948, § 618.39 (Stat Ann § 27.1019), and (2) that its term "acting employee" was and is ambiguous. The question was one of fact which the jury needed to resolve in order to determine plaintiff's status as a passenger and right to a verdict, to which he would not have been entitled in this case had the jury, contrary to what it did do, found him to have been a guest passenger. Under the instructions of the court, as above set forth, the meaning of the term "acting employee" was correctly given for the purposes of this case and made plain to the jury so that it could not have left them confused. The evidence supported their answer which was in harmony with their general verdict.

Plaintiff's chief criticism of the special question, however, is that it does not call for an answer necessarily controlling on the main issue, relying on cases such as *Bennett* v. *Hill,* 342 Mich 754, and cases therein cited on this point. Plaintiff submits that either a "Yes" or "No" answer would be consistent with verdict for plaintiff, and that it could, therefore, be controlling of nothing. In this connection plaintiff does not detail his argument or theory, but apparently it is this: that a "Yes" answer, as here given, at least extricates him from the role of a guest passenger, permitting him to recover inasmuch as the workmen's compensation act was never raised as a de-

fense, but that a "No" answer, eliminating him as an acting employee, would not necessarily consign him to the ranks of a guest passenger but would still leave recovery open to him as a possible passenger for hire. That this is his theory is evident from the above mentioned statements in plaintiff's amended declaration, requests to charge, and the pretrial statement. For from these it is clear that plaintiff was attempting to bring his case within the meaning of *Francis* v. *Scheper,* 326 Mich 441, and its holding that plaintiff therein was a passenger for hire. In that case, however, plaintiff claimed and the jury in the principal case found, in effect, under the instructions given, that plaintiff's transportation from work at the end of the day by his employer, the defendant, was part of the consideration of the contract of hire, and the plaintiff and defendant both testified that plaintiff was no longer engaged in his employment for the day at the time of the accident. Here the jury found that plaintiff was acting in his employment at the time, the evidence supports it, and there is no evidence that Groh was taking plaintiff home from work at the time of the accident or that there was any agreement between them that he should do so as part of the consideration for hire. Plaintiff testified several times that under his agreement for working for Groh he received $7 a day, board, room, and washing. Never did he testify that transportation was included or agreed upon. This means, then, that there was no evidentiary support for a claim of passenger for hire as in *Francis* or otherwise. There remained, on the record, but 2 possibilities as to plaintiff's status, guest passenger, or, as the court termed it, acting employee. The answer to the question thus clearly would be controlling on a main issue because dispositive of the question of which of the 2 he was, as, of necessity, he had to be one or the other. The question was, therefore, proper.

The jury found plaintiff to have been an acting employee at the time he was injured and rendered a verdict for him. Unappealed from, that became conclusive of his status in the principal case, as between him and the principal defendant, Groh. It is equally conclusive here. This is not a new or different action, but a proceeding ancillary to the principal suit. *Stevens* v. *Northway*, 293 Mich 31; *Wyngarden* v. *LaHuis*, 251 Mich 276; *Milwaukee Bridge & Iron Works* v. *Wayne Circuit Judge*, 73 Mich 155. The insurer's liability to plaintiff is not greater than that of the assured. The insurer's liability is the liability of its assured except as limited by the terms of its policy. Defendant Groh would not have been liable to plaintiff as a guest passenger and, hence, defendant insurer could not have been. Defendant Groh was found liable to plaintiff as his employee. That risk or liability defendant insurer did not contract to assume, but, by the express terms of its policy, excluded from coverage. Plaintiff cannot be one kind of passenger for the principal suit and, after prevailing in that role, discard it and be a different kind for the garnishment proceedings.

Affirmed.

CARR, KELLY, SMITH, and EDWARDS, JJ., concurred with DETHMERS, C. J.

BLACK, J. (*concurring*). I agree with majority conclusion that plaintiff could not recover against Mr. Groh's administrator on his firmly declared and presented theory that the relationship of the parties was that of employer and employee and then, in this garnishment action, repudiate such theory in favor of that which would have denied recovery in the principal suit.

I disagree, however, with the holding of my Brothers that the special question (quoted in the ma-

jority opinion) was proper for submission to the jury in the principal case. Like the questions Mr. Justice Cooley and his colleagues rejected in *Banner Tobacco Co.* v. *Jenison,* 48 Mich 459, and *Loomis* v. *Rogers Township Board,* 53 Mich 135, this question presented an issue of law rather than of fact. On that account the jury's affirmative answer thereto was altogether nugatory.

On above ground I concur in affirmance.

Kavanagh, J., concurred with Black, J.

Souris, J., did not sit.