GRAND TRUNK WESTERN RAILROAD COMPANY *v.*
PRE-FAB TRANSIT CO., INC.

1. NEGLIGENCE—NEGLIGENT ENTRUSTMENT—VICARIOUS LIABILITY.
   A claim of independent liability on the theory of negligent entrustment is not legally inconsistent with a claim of vicarious liability for the negligence of the entrustee.

2. SAME—NEGLIGENT ENTRUSTMENT—EVIDENCE—PRIOR ACCIDENTS.
   Evidence of prior accidents in which the entrustee was involved is admissible to show negligent entrustment only if there is a fair inference of knowledge on the part of the entrustor of unfitness for entrustment.

3. SAME—NEGLIGENT ENTRUSTMENT—EVIDENCE—PRIOR ACCIDENTS—
   PROCEDURE.
   Before allowing evidence of prior negligence of entrustee to go to the jury on negligent entrustment theory, the trial judge must first ascertain, out of the presence of the jury, whether there is any evidence that entrustor knew of such negligence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 560, 561, 571, 667.
    38 Am Jur, Negligence §§ 243, 244.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 573.
    38 Am Jur, Negligence §§ 243, 244.
[4] 38 Am Jur, Negligence §§ 243, 244.
[5] 29 Am Jur 2d, Evidence § 801.

4. Same — Contributory Negligence — Negligent Entrustment — Evidence — Prior Accidents.

> Testimony from the deposition of entrustee-railroad engineer of prior accidents, alone, *held,* not sufficient to present a jury question on the theory of negligent entrustment by a railroad of a train to the engineer; and the admission of such deposition in evidence was reversible error, because prejudicial to plaintiff railroad on the issue of the claimed contributory negligence of its engineer.

5. Evidence—Experiments—Motion Pictures—Simulation of Accident.

> Exclusion from evidence of moving pictures of attempts to simulate events leading up to an accident *held,* proper, where there was no evidence that any of the attempts actually did simulate the actual events.

Appeal from Eaton, McDonald (Archie D.), J. Submitted Division 3 February 7, 1968, at Grand Rapids. (Docket No. 3,202.) Decided October 24, 1968. Leave to appeal denied February 13, 1969. See 381 Mich 802.

Complaint by Grand Trunk Western Railroad Company, a Michigan corporation, against Pre-Fab Transit Company, Inc., a foreign corporation, and Duane Lancaster, for negligent operation of a motor vehicle. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Earl C. Opperthauser,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants.

J. H. Gillis, J. This was an action to recover for damage to plaintiff's train and equipment arising out of a grade crossing collision with a truck owned

by defendant Duane Lancaster and leased to Pre-Fab Transit Co., Inc. It was alleged that the driver of the truck, defendant Duane Lancaster, failed to stop and observe plaintiff's train before proceeding across the tracks. Lancaster was an owner-operator, driving his truck for Pre-Fab Transit Co., Inc. at the time of the collision. Defendants interposed plaintiff's contributory negligence as an affirmative defense and alleged in particular that the train was traveling at an excessive rate of speed, that its crew failed to give proper signals and to keep a lookout to avoid hitting vehicles on the track, and that plaintiff was negligent in entrusting the train to the engineer on board, who, it was claimed, had demonstrated unfitness because of involvement in other accidents.

A 6-week jury trial resulted in a judgment of no cause of action. Upon denial of its motion for a new trial, plaintiff has taken this appeal.

Error is alleged to have been committed in 4 particulars: (1) in excluding plaintiff's proffer of movies made by, and depositions taken of defendants' expert, Dr. Kurt; (2) failing to grant plaintiff's request for a 1-1/2 hour continuance in order to produce additional rebuttal witnesses; (3) in allowing defendants to introduce in evidence plaintiff's engineer's deposition indicating his involvement in other accidents; and (4) error in instructing the jury on defendants' theory of negligent entrustment.

We reverse on the ground that it was error to allow the engineer's deposition as to his prior accidents as evidence in furtherance of the defense of negligent entrustment.

It is now settled in this jurisdiction that a claim of independent liability on the theory of negligent entrustment is not legally inconsistent (theoretically and as a matter of proof) with a claim of vicarious

liability for the negligence of the entrustee. *Perin*
v. *Peuler* (on rehearing) (1964), 373 Mich 531.
That case presented a comprehensive discussion of
the theoretical basis for such concurrent claims as
well as the danger in allowing presentation of such
proof of prior negligence as affects present culp-
ability (see especially the dissenting opinion of Mr.
Justice KELLY, 373 Mich, p 547).

Thus while such proofs are admissible, they are
at least subject to the caveat contained in *Tortora*
v. *General Motors Corporation* (1964), 373 Mich 563,
that to be acceptable, there must be a fair inference
of knowledge of unfitness for entrustment (373 Mich,
p 571).   Before allowing evidence of such prior acts
to go to the jury on the entrustment theory, the
trial judge must first ascertain, out of the presence
of the jury, whether there is any evidence that the
entruster knew of the poor record. *Tortora, supra.*
See also, *Shimel* v. *Interstate Motor Freight* (1966),
5 Mich App 143.

In the present case, the deponent-engineer had
died prior to trial, and no opportunity for examina-
tion was had outside of his deposition.   The record
would indicate that at the time of the deposition
the theory of plaintiff's negligent entrustment had
not yet been introduced into the case.   The mere
introduction of this testimony does not constitute
the statement of a sufficient claim of negligent en-
trustment to enable the plaintiff to proceed to jury
determination on this theory.   As we say, the record
is barren no doubt because at the time of deposition
the parties were not thinking in those terms.   For
whatever reason, however, the net result is that the
entire claim rests on the few statements by the
engineer that he had been involved in prior acci-
dents.   Outside of the deposition testimony there is
no evidence of what those accidents were and

whether plaintiff had knowledge of them. In short, the bare assertion of negligent entrustment cannot be used to open the door to otherwise inadmissible evidence of prior negligent acts or accidents.

Because of the possible effect of this evidence on the claimed contributory negligence of the engineer, the statements of prior accidents were prejudicial to plaintiff's case and require reversal.

The second allegation of error will no doubt not arise again on retrial, so we decline to discuss it. As to the first allegation, the allegedly erroneous exclusion of defense movies and the deposition of Dr. Kurt, we feel obliged to avoid any unnecessary argument and possible error on retrial by commenting thereon.

So far as the record discloses, the movies in question were portrayals of various attempts to simulate the actions of defendants' vehicle at the time of the collision. There is no evidence, however, that any of the attempts did so simulate the actual event. Indeed, defendant Lancaster's testimony was that the truck was not operating the same as on the date of the accident in question. There was no foundation laid and the movies were properly excluded. See *Kaminski* v. *Wayne County Road Commissioners* (1963), 370 Mich 389.

Use of the deposition of defendants' expert witness, Dr. Kurt, is governed by GCR 1963, 302.4, and subject to the evidentiary requirements imposed by that rule.

Reversed and remanded for new trial. Costs to appellant.

FITZGERALD, P. J., and BOWLES, J., concurred.