GRAND TRUNK WESTERN RAILROAD COMPANY v PRE-FAB
TRANSIT COMPANY, INC

1. JUDGMENT—THIRD-PARTY COMPLAINT—INTEREST—STATUTES.

   A judgment rendered on an amended complaint which was re-
   lated back to the date of the original complaint by order of the
   trial court requires a ruling by the Court of Appeals that the
   interest statute was applicable, with the interest commencing
   from the date of filing the original complaint (MCLA 600.6013).

2. JUDGMENT—THIRD-PARTY COMPLAINT—INTEREST—CONTRIBUTION—
   JOINT TORTFEASORS.

   In a case where a new party plaintiff was permitted to file a
   complaint which was ordered to relate back to the date of the
   original complaint and as a result thereof defendants were
   permitted to file a third-party complaint against the original
   plaintiff based on the theory that if defendants were liable to
   the new plaintiff then the original plaintiff was liable to the
   principal defendants for contribution and the trial court ruled
   that that new pleading related back to the filing of the original
   complaint and the jury verdict was in favor of the new plaintiff
   and of no cause of action as to the claim of the original plaintiff
   who was now a third-party defendant as well, under the ensu-
   ing judgment for the new plaintiff and for the third-party
   plaintiffs for contribution, interest was due from the date of the
   original complaint both as to the principal judgment and as to
   the order of contribution because it appears to the Court of
   Appeals that both defendants and third-party defendant-plain-
   tiff are equally liable to the new plaintiff (MCLA 600.2925,
   600.6013).

3. PLEADINGS—THIRD-PARTY COMPLAINT—JUDGMENT—INTEREST.

   The interest statute when it provides that interest shall be paid
   from the date of the complaint is held to contemplate that a
   third-party defendant's liability for interest runs from the date
   of the filing of the original complaint (MCLA 600.6013).

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 45 Am Jur 2d, Interest and Usury §§ 96, 97.

Appeal from Eaton, Richard Robinson, J. Submitted Division 3 January 3, 1973, at Grand Rapids. (Docket No. 14763.) Decided March 29, 1973.

Complaint by Grand Trunk Western Railroad Company against Pre-Fab Transit Company, Inc., and Duane Lancaster for damages for negligence. Verdict and judgment for defendants. Plaintiff appealed. Reversed, new trial granted, 14 Mich App 26 (1968). Canadian National Railway Company was added as a plaintiff by leave granted, and an amended complaint filed. Defendants filed a counter-complaint. Judgment for Canadian National against defendants, and judgment of no cause of action as to claim of Grand Trunk, and for 50% contribution by Grand Trunk. Grand Trunk's motion to quash a writ of garnishment issued to the National Bank of Detroit for disclosure of its account denied. Grand Trunk appeals. Affirmed.

*Frank G. Proctor,* for plaintiff.

*Cholette, Perkins & Buchanan,* for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

HOLBROOK, P. J. This matter involves an appeal from an action permitting garnishment for the purpose of collecting on a judgment that provided for contribution in favor of the principal defendants from the third-party defendant who originally was one of the plaintiffs in the case.

·The record on appeal discloses the following pertinent facts. Originally Grand Trunk Western

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Railroad Company filed a complaint on May 23, 1963, against Pre-Fab Transit Company and Duane Lancaster, jointly and severally, for claimed damages to its equipment and the equipment owned by Canadian National Railway Company suffered in a truck-train grade crossing accident that occurred on April 18, 1963. The case was tried by jury with the jury returning a verdict of no cause of action. Plaintiff Grand Trunk appealed and our Court on October 24, 1968, in 14 Mich App 26 (1968), reversed the judgment and granted a new trial. Thereafter the attorney for Grand Trunk made a motion to permit Canadian National to be made a party plaintiff, which was granted by the trial court September 8, 1970. The third amended complaint was filed on September 28, 1970, and included the Canadian National as a party plaintiff. The trial court ruled that this "amendment" was effective as of the date of the filing of the original complaint of Grand Trunk (May 23, 1963), thus avoiding the statute of limitations. The trial court also ruled that any contributory negligence on the part of Grand Trunk could not be imputed to Canadian National. After proper motion the trial court on April 19, 1971, permitted defendants Pre-Fab and Duane Lancaster to file a third-party complaint against Grand Trunk based on the theory that if defendants were liable to Canadian National, then the third-party defendant Grand Trunk was liable to the principal defendants for contribution. The trial court ruled that this "amendment" related back to the filing date of the original complaint of May 23, 1963, thus again avoiding the operation of the statute of limitations. On the second trial the jury returned verdicts of $50,000 in favor of Canadian National against the defendants and of no cause of action as to the claim of plaintiff Grand Trunk.

After hearing argument and objections from the attorneys of Grand Trunk the trial court on June 3, 1971, entered judgments which read as follows:

"The action by Grand Trunk Western Railroad Company, a Michigan corporation, and Canadian National Railway Company, a foreign corporation, against Pre-Fab Transit Company, Inc., a foreign corporation, and Duane Lancaster, jointly and severally, having come on to be heard and the jury sworn to try same having returned a verdict in favor of the plaintiff Canadian National Railway Company against the defendants Pre-Fab Transit Company, Inc. and Duane Lancaster, and in favor of the said defendants as to the claim of Grand Trunk Western Railroad Company and having assessed the plaintiff's Canadian National Railway Company damages against the defendants at Fifty Thousand ($50,000) Dollars, now therefore,

"It is ordered and adjudged that the plaintiff Canadian National Railway Company recover of the defendants Pre-Fab Transit Company, Inc. and Duane Lancaster, jointly and severally, Fifty Thousand ($50,000) Dollars plus interest at 5% from June 3, 1963, to date of this judgment, damages.

"It is further ordered that the plaintiff Grand Trunk Western Railroad Company take nothing against said defendants Pre-Fab Transit Company, Inc. and Duane Lancaster.

"As to the cross action for contribution by cross plaintiffs Pre-Fab Transit Company, Inc., and Duane Lancaster, against cross defendant Grand Trunk Western Railroad Company, the Court having concluded, pursuant to law, that judgment should be entered in favor of said cross plaintiffs against said cross defendant for any amount in excess of 50% paid by cross plaintiffs or either of them on the judgment in favor of Canadian National Railway Company against the defendants Pre-Fab Transit Company, Inc. and Duane Lancaster, jointly and severally, now therefore,

"It is ordered and adjudged that cross plaintiffs Pre-Fab Transit Company, Inc. and Duane Lancaster, jointly and severally, recover of the said cross defend-

ant Grand Trunk Western Railroad Company any amount in excess of 50% paid by cross plaintiffs or either of them on the judgment in favor of Canadian National Railway Company against the defendants Pre-Fab Transit Company, Inc. and Duane Lancaster."

Grand Trunk filed a motion for a new trial which was denied by the court in an order filed November 9, 1971.

The judgments of June 3, 1971, and the denial of motion for a new trial have not been appealed.

On February 11, 1972, the defendants Pre-Fab and Duane Lancaster forwarded a draft to plaintiff Canadian National in the sum of $74,270.81 with a letter attached which stated as follows:

"We enclose herewith draft in the sum of $74,270.81 in payment of the judgment in favor of Canadian National. I might add the draft includes interest to February 18.

"Please sign the enclosed satisfaction and two copies and return to us and you may retain a copy for your file."

The draft was cashed by the attorney for Canadian National and a satisfaction of judgment was executed and filed.

By letter dated February 29, 1972, the attorneys for Grand Trunk forwarded to the clerk of the court a check payable to third-party plaintiffs and their attorneys for a sum of $26,075.96. This letter reads as follows:

"Enclosed herewith, for filing, please find Satisfaction of Judgment signed by myself as attorney for the Canadian National Railway Company, one of the plaintiffs in the above captioned cause.

"Also enclosed, please find check No. 2989, drawn by the Grand Trunk Western Railroad Company, and payable to the order of Pre-Fab Transit Co., Inc., Duane

Lancaster, and Cholette, Perkins and Buchanan, in the amount of $26,075.96, which is in full satisfaction of judgment entered on the cross-complaint of the Pre-Fab Transit Company, Inc. against the Grand Trunk Western Railroad Company in the above captioned case in the amount of $25,000 plus $1,075.96, which includes interest from the date of filing the cross-complaint, namely, April 19, 1971 to and including February 29, 1972. This check is being deposited with you with the expressed instructions to deliver the same to the law firm of Cholette, Perkins & Buchanan, attorneys for the Pre-Fab Transit Company upon the condition that they first sign the Satisfaction of Judgment which I am enclosing herewith for their signature.

"The purpose of depositing this check with you under these conditions is to protect the interests of the Grand Trunk Western Railroad Company, as explained to you in my letter of February 3, 1972. It is our position that, under the law, the Pre-Fab Transit Company is entitled to recover interest from the date of filing cross-complaint, namely, April 19, 1971 until payment of said judgment, which was in the amount of one-half of the judgment of $50,000, which was awarded against the Pre-Fab Transit Company, and in favor of Canadian National Railway Company, or $25,000.

"By copy of this letter to the law firm of Cholette, Perkins & Buchanan, I am giving them notice that this check has been deposited with you under those conditions and I am also forwarding to them the copy of the Satisfaction of Judgment, the original of which I am forwarding to you, as aforesaid."

Third-party plaintiffs' attorney then filed an affidavit and secured a writ of garnishment from the trial court which was served March 16, 1972, upon the National Bank of Detroit as garnishee-defendant, and the National Bank filed a disclosure. The third-party defendant Grand Trunk filed a motion to quash the writ of garnishment on the basis that the facts set forth in the affidavit were not true. Third-party plaintiffs Pre-Fab and Duane

Lancaster contended that the unappealed "judgments" of June 3, 1971, were clear and unambiguous and that the affidavit was true and the garnishment was proper and there was no abuse of process. Further, apart from the wording of the judgments under the law third-party plaintiffs were entitled to 50% contribution from Grand Trunk, third-party defendant of the full amount paid to Canadian National. A hearing was held before the trial court on June 15, 1972, and the court entered an order on the same day which reads as follows:

"The motion of Grand Trunk Western Railroad Company to quash the writ of garnishment coming on to be heard, and the court being fully advised in the premises, the court finds that the affidavit upon which the writ of garnishment was issued was not false and erroneous on its face, and that the judgment upon which the garnishment was issued was in fact in favor of cross plaintiffs for the sum of 50% of $74,270.81, now therefore,

"It is hereby adjudged that the garnishment is proper.

"It is further ordered that the Clerk of this court forthwith release the sum of $26,075.96 heretofore paid into this court by the Cross-Defendant and that the National Bank of Detroit, garnishee defendant, pay to the Clerk of this court the sum of $11,059.44, being the difference between $37,135.40 and $26,075.96.

"It is further ordered that the portion of this Order concerning the National Bank of Detroit be stayed for twenty (20) days."

It is from this order that the third-party defendant Grand Trunk has appealed.

Third-party defendant's attorneys agree that if the third-party plaintiffs prevail on this appeal, then the third-party plaintiffs are also entitled to

interest at 5% on $11,059.44, from February 19, 1972.

Inasmuch as third-party plaintiffs and third-party defendants agree that the judgments of June 3, 1971, were never appealed or amended, the only item of conflict is in the claim of third-party defendant Grand Trunk that the "judgment" was for $50,000 and that statutory interest of 5% from date of filing the original complaint is not a part of the judgment. The interest statute, MCLA 600.6013; MSA 27A.6013, provided at that time, in pertinent part as follows:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed."

The contribution statute, MCLA 600.2925; MSA 27A.2925, provides in pertinent part as follows:

"(1) Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tortfeasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment."

In considering whether statutory interest is a

part of a judgment we turn to 18 Am Jur 2d, Contribution, § 114, p 151, wherein it is stated in part as follows:

"The amount recoverable by a party entitled to contribution, where he brings suit for reimbursement of amounts paid in excess of his share, should include, of course, costs of such action which are, either in the discretion of the court or by statute, properly taxable in accordance with the rules governing costs generally."

Also, see *Steinberg v Mealey,* 263 App Div 479; 33 NYS2d 650 (1942). If statutory costs are recoverable it appears to this Court that statutory interest is likewise recoverable.

Third-party defendant does not advance any theory of law which would justify a claim that plaintiff Canadian National was not rightfully entitled to the statutory interest of 5% from the date of the original complaint filed by Grand Trunk as plaintiff. We conclude that the trial court's order relating back of Canadian National's complaint (amended pleading) to the original filing date of the complaint of Grand Trunk requires us to rule that the interest statute is applicable with the interest commencing from the date of the filing of the original complaint.

We point out that in the brief of the third-party defendant Grand Trunk it is stated:

(Page 2) "On February 29, 1972, Grand Trunk Western forwarded their check in the amount of $26,075.96 to the clerk of the Court in satisfaction of the judgment in favor of Pre-Fab and Duane Lancaster. (This amount included $25,000 being one-half of the principal judgment, plus interest from the time of filing the cross complaint.)"

(Page 4) "The statute which awarded interest on a judgment, from the time of filing the complaint (1948 CL 600.6013) should not be interpreted to grant a third-

party plaintiff, the right to collect interest *prior* to the filing of his complaint."

The third-party defendant having admitted that third-party plaintiffs are entitled to receive interest as a part of the judgment but only from the actual date of the third-party complaint destroys its assertion that statutory interest is not legally a part of a judgment. It appears to this Court that defendants/third-party plaintiffs and the third-party defendant-plaintiff are in the same position, *i.e.,* equally liable to plaintiff Canadian National even though plaintiff Canadian National did not choose to sue the third-party defendant as a principal defendant. Both Pre-Fab with Lancaster, its driver, and Grand Trunk were found by the trial court to be joint tortfeasors. It is unthinkable to permit Canadian National's complaint to be related back to the date of the original complaint of Grand Trunk and at the same time deny the effectiveness of a similar order of the trial court concerning third-party plaintiffs' third-party complaint for contribution. We also point out that until Canadian National was permitted to intervene as a party plaintiff there was no possibility of the principal defendants obtaining contribution from the then only plaintiff Grand Trunk. As the case turned out defendants were able to defeat the claim of Grand Trunk because of its negligence but were unable to defeat the claim of Canadian National because the negligence of Grand Trunk was not imputable to Canadian National.

We conclude that the trial court, when it ordered that the filing of the third-party complaint related back to the date of the original complaint of Grand Trunk, placed all the parties to the action on an equal footing. We also rule that the

interest statute, MCLA 600.6013; MSA 27A.6013, "interest to be calculated from the date of filing the complaint" implies that only that complaint central to the overall action is relevant for purposes of determining interest. Since a third-party complaint for contribution is not by any means central to the action, but is ancillary or auxiliary thereto, the interest statute is held to contemplate that a third-party defendant's liability for interest runs from the date of filing of the original complaint.

Affirmed, costs to third-party plaintiffs.

All concurred.