# Order

April 9, 2021

157476-8 (62)

MARIE HUNT, Personal Representative of the
ESTATE OF EUGENE WAYNE HUNT,
        Plaintiff/Counterdefendant/
        Garnishor-Plaintiff-Appellee/
        Cross-Appellant,

v

ROGER DRIELICK, d/b/a ROGER DRIELICK
TRUCKING,
        Defendant/Counterplaintiff/Cross-
        Plaintiff/Cross-Defendant-Appellee,
and

COREY A. DRIELICK,
        Defendant/Counterplaintiff/Cross-
        Plaintiff/Cross-Defendant-Appellee,
and

GREAT LAKES CARRIERS CORP.,
        Defendant/Cross-Defendant-
        Appellee/Cross-Appellant,
and

GREAT LAKES LOGISTICS & SERVICES,
INC., and MERMAID TRANSPORTATION,
INC.,
        Defendants,
and

SARGENT TRUCKING, INC.,
        Defendant/Cross-Plaintiff-Appellee/
        Cross-Appellant,
and

EMPIRE FIRE AND MARINE INSURANCE
COMPANY,
        Garnishee-Defendant-Appellant/
        Cross-Appellee.
_____

BRANDON JAMES HUBER,
        Plaintiff/Garnishor-Plaintiff-Appellee/
        Cross-Appellant,

v

**Michigan Supreme Court**
**Lansing, Michigan**

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

SC: 157476
COA: 333630
Bay CC: 96-003280-NI

SC: 157477
COA: 333631
Bay CC: 97-003238-NI

COREY A. DRIELICK and ROGER DRIELICK,
d/b/a ROGER DRIELICK TRUCKING,
> Defendants/Counterplaintiffs/Cross-
> Plaintiffs/Cross-Defendants-
> Appellees,

and

GREAT LAKES CARRIERS CORP.,
> Defendant/Cross-Defendant-
> Appellee/Cross-Appellant,

and

GREAT LAKES LOGISTICS & SERVICES,
INC., and MERMAID TRANSPORTATION,
INC.,
> Defendants,

and

SARGENT TRUCKING, INC.,
> Defendant-Appellee/Cross-
> Appellant,

and

EMPIRE FIRE AND MARINE INSURANCE
COMPANY,
> Garnishee-Defendant-Appellant/
> Cross-Appellee.

_____

THOMAS LUCZAK and NOREEN LUCZAK,
> Plaintiffs/Garnishor-Plaintiffs-
> Appellees/Cross-Appellants,

v

COREY A. DRIELICK and ROGER DRIELICK,
d/b/a ROGER DRIELICK TRUCKING,
> Defendants/Counterplaintiffs/Cross-
> Plaintiffs/Cross-Defendants-
> Appellees,

and

GREAT LAKES CARRIERS CORP.,
> Defendant/Cross-Defendant-
> Appellee/Cross-Appellant,

and

GREAT LAKES LOGISTICS & SERVICES,
INC., and MERMAID TRANSPORTATION,
INC.,
> Defendants,

SC: 157478
COA: 333632
Bay CC: 96-003328-NI

and

SARGENT TRUCKING, INC.,
          Defendant-Appellee/Cross-
          Appellant,
and

EMPIRE FIRE AND MARINE INSURANCE
COMPANY,
          Garnishee-Defendant-Appellant/
          Cross-Appellee.

_____/

On October 7, 2020, the Court heard oral argument on the application for leave to appeal, as cross-appellants, the December 14, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. The Court of Appeals correctly held that prejudgment interest on the underlying actions should be calculated from the dates the underlying complaints were filed through March 14, 2000, the date of the consent judgments. However, the Court of Appeals erred in holding that no other interest should be awarded.

Here, writs of garnishment were issued on December 4, 2000. Judgment on those writs entered on June 2, 2016. Although the writs were predicated upon the consent judgments awarded in the underlying actions, the writs themselves constitute a separate action. See MCR 3.101. Accordingly, the judgments on the writs of garnishment mark a separate date from which to calculate prejudgment and postjudgment interest. Similar to the Court of Appeals' analysis of prejudgment interest on the underlying actions, prejudgment interest should be awarded from the dates the writs of garnishment were issued until the date the judgment on those writs entered. Postjudgment interest should also be awarded from the dates the judgment on those writs entered, as Empire has participated in and defended against the garnishment action. We REMAND this case to the Bay Circuit Court for calculation of prejudgment and postjudgment interest.

      ZAHRA, J. (*concurring*).

I concur in the order that reverses in part the judgment of the Court of Appeals. I write separately to respond to Justice VIVIANO's dissent, wherein he cites caselaw from 1889 up to 1960 and rhetorically asks, "On what authority, one might wonder, does the majority rely to overturn over a century of settled law *sub silentio*? Only a bare citation of MCR 3.101, the garnishment court rule. But that rule has 20 subsections and runs to over 4,800 words."

Sometime after the cases cited by Justice VIVIANO were decided, the court rule governing garnishment was amended. Specifically, when MCR 3.101(M)(1) was adopted in 1985, it provided, as it does currently, that "[i]f there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." In addition, the rule currently indicates that "[t]he verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer." MCR 3.101(M)(2). Finally, the court rule provides that garnishment proceedings may result in entry of a money judgment against the garnishee-defendant that may include interest. See MCR 3.101(O)(1).

Because MCR 3.101(M)(1) and (O)(1) provide ample authority allowing for a court to award interest on the judgment resulting from writs of garnishment in a disputed action, I concur in the order that reverses in part the judgment of the Court of Appeals.

VIVIANO, J. (*dissenting*).

I dissent from the majority's decision because I do not believe that a garnishment proceeding constitutes a separate action for purposes of calculating statutory interest under MCL 600.6013. As a result, I do not believe that a separate award of prejudgment interest is permitted against a garnishee-defendant from the date of issuance of a writ of garnishment.

This case arises out of a fatal multivehicle accident that occurred on January 12, 1996. All parties except Empire Fire and Marine Insurance Company (Empire), which insured the semi-tractor involved in the accident under a "bobtail" policy, stipulated to entry of consent judgments resolving the parties' various claims. The consent judgments were entered on March 14, 2000. As part of the settlement, defendant Roger Drielick assigned his rights under the insurance policy with Empire to plaintiffs, Sargent Trucking, Inc. (Sargent), and Great Lakes Carriers Corporation (GLC). Thereafter, Sargent and GLC served writs of garnishment against Empire. After extensive litigation over the policy exclusions, including an appeal in this Court, the trial court determined that the exclusions were inapplicable. The Court of Appeals summarized well what happened next:

> Thereafter, garnishor-plaintiffs moved for entry of judgment against Empire, seeking a judgment that Empire was liable for payment of the amounts owing under the consent judgments, including statutory interest. Empire argued that its responsibility for payment of the liabilities under the consent judgments was limited to the $750,000 policy limit because the policy contained no provision for the payment of prejudgment interest in excess of the policy limit, and because the policy's "Supplementary Payments" provision contained an interest clause that provides that

postjudgment interest will be paid only in suits in which Empire assumes the defense.[1] In other words, Empire argued that it was not obligated to pay postjudgment interest because it did not defend the underlying suits. The trial court found that Empire had breached its duty to defend under the policy and that the breach had negated the provision in the policy that limited the payment of postjudgment interest to those suits in which Empire had assumed the defense. The trial court entered final orders of judgment inclusive of statutory judgment interest from the date the underlying complaints were filed through June 2, 2016 . . . . [*Hunt v Drielick*, 322 Mich App 318, 328-329 (2017).]

On appeal, the Court of Appeals agreed that Empire is "responsible for prejudgment interest calculated based on the policy limit, even if the judgment amounts plus prejudgment interest exceed the policy limits." *Id*. at 336. On the issue of whether prejudgment interest could be assessed on the money judgments issued on the writs of garnishments, however, the Court of Appeals disagreed with the trial court's ruling, explaining as follows:

> The trial court awarded prejudgment interest from the dates the underlying complaints were filed until the final judgments on the writs of garnishment were entered on June 2, 2016. Empire argues that prejudgment interest can only be measured from the date of the original complaints through March 14, 2000, the date of the consent judgments. We agree. The settling parties memorialized their agreements in consent judgments. When those judgments were entered, the prejudgment-interest period ended and the postjudgment-interest period began. [*Matich v Modern Research Co*, 430 Mich 1, 20 (1988)]. See also *Madison v Detroit*, 182 Mich App 696, 700-701; 452 NW2d 883 (1990). Therefore, prejudgment interest accrued until the consent judgments were entered; interest that accrued after entry of the consent judgments is postjudgment interest. Empire is obligated to pay prejudgment interest on the policy limits from the dates the complaints in the underlying actions were filed until the date of the consent judgments were entered. [*Id*.]

We heard oral argument on the application filed by GLC and Sargent challenging the Court of Appeals' ruling limiting prejudgment interest to the period prior to entry of the consent judgments in the underlying action. In a terse order, the majority now reverses the Court of Appeals on this point, but provides little in the way of explanation or legal support for its holding. Indeed, the majority's analysis is boiled down to a single sentence and a single citation: "Although the writs were predicated upon the consent

---

[1] Specifically, Empire's insurance policy provides that Empire will only pay "[a]ll interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' we defend[.]"

judgments awarded in the underlying actions, the writs themselves constitute a separate action. See MCR 3.101." I cannot agree with this assertion for the following reasons.

First and foremost, we have clearly and repeatedly held to the contrary for over a century. See *Milwaukee Bridge & Iron Works v Wayne Circuit Judge*, 73 Mich 155, 157 (1889) ("The writ of garnishment and proceedings thereon are always ancillary, and the service of such writ is not the commencement of an action."); *Wyngarden v LaHuis*, 251 Mich 276, 278 (1930) ("Garnishment is ancillary and not the commencement of an action."); *Stevens v Northway*, 293 Mich 31, 34 (1940) ("The garnishment proceeding was ancillary to the action against the principal defendants and wholly dependent thereon and not the commencement of an independent action."); *Rodgers v Mikolajczak*, 361 Mich 61, 67 (1960) ("This [garnishment proceeding] is not a new or different action, but a proceeding ancillary to the principal suit.").[2]

On what authority, one might wonder, does the majority rely to overturn over a century of settled law *sub silentio*? Only a bare citation of MCR 3.101, the garnishment court rule. But that rule has 20 subsections and runs to over 4,800 words. The majority's vague citation of it—without specifying any particular part of the rule—does not assist the reader in understanding why the majority believes the rule overruled *Milwaukee Bridge* and its progeny. As discussed below, I do not believe it can be interpreted in such a manner.

---

[2] See also *Westland Park Apartments v Ricco, Inc*, 77 Mich App 101, 104 n 1 (1977) ("Michigan courts have further held that a garnishment proceeding is ancillary to an action against the principal defendant and wholly dependent thereon and is not the commencement of an independent action."); see generally 6 Am Jur 2d, Attachment and Garnishment, § 15, p 493 ("As a general rule, an attachment or garnishment is not an original action but is ancillary to the original action seeking judgment. . . . '[A]ncillary,' as used in the law, is defined as designating or pertaining to a proceeding that is subordinate to, or in aid of, another primary or principal one."); 38 CJS, Garnishment, § 3, p 332 ("Generally, the principal action or proceeding and the garnishment proceeding are regarded as constituting a single suit.").

Garnishor-plaintiffs rely on *Hayes v Ross*, 236 Mich 208 (1926), but it is hard to see how that case is relevant here. The parties there did not dispute when the interest began to accrue, and the Court never decided that matter. Moreover, our judgment-interest statute specifies that interest is calculated from the date the complaint was filed. See MCL 600.6013(10). The Court's analysis instead focused on the appropriate interest rate. *Hayes*, 236 Mich at 213. Consequently, nothing in *Hayes* supports the proposition that a garnishment proceeding is a separate action or that separate award of interest for garnishment proceedings is permitted.

I begin with MCL 600.6013 because it establishes the entitlement to interest on money judgments by authorizing such judgments in the first instance, whereas MCR 3.101 governs the procedures related to the award of such interest. See *Royal York of Plymouth Ass'n v Coldwell Banker Schweitzer Real Estate Servs*, 201 Mich App 301, 305 (1993) ("Although garnishment actions are authorized by statute, the procedural aspects of the garnishment process are set out in the court rules . . . ."). MCL 600.6013(1) provides, in pertinent part, that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section." Subsection (8) states that "interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint . . . ." MCL 600.6013(8). Subsection (10) provides that, if a settlement offer is not made, "the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment." MCL 600.6013(10).[3] Thus, the statute "governs the award of interest from the date a complaint is filed until judgment is satisfied." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 504 (1991). As it relates to prejudgment interest—which is the focus of this case, in light of the policy's limitation on postjudgment interest—the statute "entitles a prevailing party to prejudgment interest from the filing of the complaint to the entry of a judgment in any civil action." *Old Orchard by the Bay Assoc v Hamilton Mut Ins Co*, 434 Mich 244, 256 (1990).[4] See generally *Matich*, 430 Mich at 20 (clarifying the distinction between prejudgment and postjudgment interest, stating that "[*p*]*re*judgment interest vests or becomes fixed at the time the judgment is entered, while *post*judgment interest continues to accumulate or 'accrue' after the time the judgment is entered.").

The narrow issue in this case, then, is whether an award of prejudgment interest under MCL 600.6013(8) is permitted only from "the date of filing the complaint" in the underlying action, as the statute provides, or whether a separate award of prejudgment interest is permitted against a garnishee-defendant from the date of filing of a writ of garnishment in a garnishment proceeding. The filing of a complaint commences a civil action. See MCL 600.1901 ("A civil action is commenced by filing a complaint with the court."); MCR 2.101(B) ("A civil action is commenced by filing a complaint with a court."). See also *Black's Law Dictionary* (6th ed) (defining "complaint" as the "*original or initial pleading* by which an action is commenced under codes or Rules of Civil Procedure.") (emphasis added). Garnishment proceedings, by contrast, are commenced by filing of a verified statement, which triggers issuance of a "writ" of garnishment. See MCL 600.4011; MCR 3.101(E). A "writ" is "[a] written judicial order to perform a specified act," *Black's Law Dictionary* (6th ed), which, in the context of a garnishment

---

[3] See also MCL 600.6013(13) (providing that, when a settlement offer is made, the interest shall be calculated "from the date of the rejection of the offer to the date of satisfaction of the judgment").

[4] *Old Orchard* was overruled in part on other grounds by *Holloway Constr Co v Oakland Co Bd of Co Rd Comm'rs*, 450 Mich 608 (1996).

proceeding, is to obtain a satisfaction of a judgment. See MCR 3.101(D) (providing that a clerk of court, after entry of a prior judgment, shall enter the writ to commence the periodic garnishment). The distinction between a complaint and a writ leads me to conclude that an award of prejudgment interest under MCL 600.6013(8) is permitted only from the date of filing of the complaint in the underlying action; a separate award of prejudgment interest against the garnishee-defendant may not be made based on the writ of garnishment.[5]

Turning back to MCR 3.101, even assuming that the rule could go beyond the statute in awarding prejudgment interest, I find nothing in the Court's adoption of this rule (or its predecessor, GCR 1963, 738), that would lead to such a conclusion.[6] I do not

---

[5] In an analogous context, the Court of Appeals has reached a similar conclusion. In *Grand Trunk W R Co v Pre-Fab Transit Co, Inc*, 46 Mich App 117 (1973), the court interpreted similar language (i.e., "interest to be calculated from the date of filing the complaint") in an earlier version of MCL 600.6013. In addressing whether a third-party defendant's liability for interest runs only from the filing of the third-party complaint for contribution, the Court of Appeals held that that phrase "implies that only that complaint central to the overall action is relevant for purposes of determining interest." *Id*. at 127. The court explained its rationale as follows: "Since a third-party complaint for contribution is not by any means central to the action, but is ancillary or auxiliary thereto, the interest statute is held to contemplate that a third-party defendant's liability for interest runs from the date of filing of the original complaint." *Id*. Though *Grand Trunk* is not binding on this Court and I take no position on the ultimate conclusion in that case, I find its mode of analysis—i.e., its close examination of the meaning of the term "complaint" and exclusion of other court filings that do not appear to fall within that meaning—to be persuasive and supportive of the conclusion I reach here.

[6] It is worth questioning, as an initial matter, whether MCR 3.101 could abrogate or modify MCL 600.6013. Our authority to promulgate court rules that trump statutes extends only to matters of practice and procedure, not to substantive law. *McDougall v Schanz*, 461 Mich 15, 27 (1999). An argument could be made that MCL 600.6013 is a substantive provision, as it grants the right to interest, and thus MCR 3.101 could not modify the statutory entitlement to prejudgment interest. We have, however, indicated that the statute is procedural for purposes of determining whether an amendment to it could apply retroactively. See *Ballog v Knight Newspapers, Inc*, 381 Mich 527 (1969). I have doubts about whether that case was correctly decided, and it is not clear that its logic would apply outside the context of retroactivity. See Comment, *Should Prejudgment Interest be a Matter of Procedural or Substantive Law in Choice-of-Law Disputes?*, 69 U Chi L Rev 705, 709-710 (2002) ("All courts recognize . . . that prejudgment interest rules have both substantive and procedural features, and that one rationale or the other may be more compelling depending on the legal context. . . . This is true regardless of whether the legislature or courts officially list prejudgment interest

believe the language of the garnishment court rule provides any basis for concluding that the filing of a writ of garnishment should be treated as the commencement of a new civil action. In a few places, the rule provides that procedures under the rule shall occur as they do in other civil actions. Thus, for example, when there is a dispute regarding the garnishee-defendant's liability, the issue "shall be tried in the same manner as other civil actions." MCR 3.101(M)(1).[7] In addition, the rule indicates that "[t]he verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer." MCR 3.101(M)(2). Finally, it provides that garnishment proceedings may result in entry of a money judgment against the garnishee-defendant. See MCR 3.101(O)(1). But these provisions do not create a new civil action. The rule does not define what garnishment proceedings are; instead, MCR 3.101 simply reflects the general understanding that a garnishment proceeding "closely approximates" a normal civil action and is "largely governed by the rules that apply to actions . . . ." 38 CJS, Garnishment, § 2, p 329.

Nothing in the court rule conflicts with our holding that a garnishment proceeding "is not a new or different action, but a proceeding ancillary to the principal suit." *Rodgers*, 361 Mich at 67. To the contrary, several provisions make it clear that the garnishment proceeding is subordinate to the underlying action. See, e.g., MCR 3.101(O)(6) ("Execution against the garnishee may not be ordered by separate writ, but must always be ordered by endorsement on or by incorporation within the writ of execution against the defendant."); MCR 3.101(O)(7) ("Satisfaction of all or part of the judgment against the garnishee constitutes satisfaction of a judgment to the same extent against the defendant."). This latter provision prevents a double recovery against the judgment-debtor and the garnishee-defendant. It is noteworthy that there is no similar provision going the other way, i.e., providing that satisfaction of a judgment against a judgment-debtor constitutes satisfaction of a judgment against the garnishee-defendant.

---

rules as procedural or substantive. Prejudgment interest does abridge, enlarge, or modify substantive rights by increasing damage awards, but it also promotes settlement and solves problems of congestion and delay, which are intrinsically procedural goals.") (citations omitted). In any event, it is unnecessary to decide the issue here because the court rule does not meaningfully conflict with the statute.

[7] See also MCR 3.101(M)(2) ("The defendant and other claimants . . . may plead their claims and defenses *as* in other civil actions.") (emphasis added); MCR 3.101(P) ("A judgment or order in a garnishment proceeding may be set aside or appealed in the same manner and with the same effect *as* judgments or orders in other civil actions.") (emphasis added); MCR 3.101(S)(1)(a) ("If the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken *as* in other civil actions.") (emphasis added).

Absent such a provision, it would appear that under the majority's interpretation, a garnishee-defendant could be liable for a double recovery of statutory interest.[8]

---

[8] If an award of interest against the garnishee-defendant is permitted, the garnishor-plaintiff stands to reap at least a double recovery of interest. This is because in the typical garnishment proceeding—although not here, in light of the Empire policy's limitation on postjudgment interest, see note 9 of this statement—postjudgment interest from the original judgment will continue to run for the same period in which prejudgment interest against the garnishee-defendant is accruing. MCL 600.6013(10). So, during the same period, the original defendant will owe the postjudgment interest on the judgment and the garnishee-defendant will owe prejudgment interest on the garnishment judgment, which could be as much as the outstanding judgment balance. MCR 3.101(O)(1). And presumably the interest owed by the garnishee-defendant will be calculated based on not only the original judgment but also any interest that had accumulated at the time the writ of garnishment was sought or, in certain cases, on the outstanding balance of the judgment. See MCR 3.101(D)(2) (providing that the writ of garnishment includes "the total amount of postjudgment interest accrued to date" and "the amount of the unsatisfied judgment now due (including interest and costs)"); MCR 3.101(G)(2) (providing that the garnishee can be liable for the accrued interest when the request for the writ was filed or, if the garnishor-plaintiff has provided the garnishee-defendant periodic statements, for the outstanding judgment balance in the most recent statement). This means that the garnishee-defendant will owe interest on interest—it owes interest on a sum that includes prior interest. Thus, the garnishor-plaintiff might obtain more than double interest.

Not only does this produce a windfall to the garnishee-plaintiff, it goes against the plain text of MCR 3.101(G). That rule establishes the maximum liability of the garnishee-defendant:

> The garnishee is liable for no more than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment unless a statement is sent to the garnishee in accordance with MCL 600.4012(5)(a), in which case the garnishee is liable for the amount of the remaining judgment balance as provided in the most recent statement. [MCR 3.101(G)(2).]

Nothing in this language—which caps the garnishee-defendant's liability—suggests the possibility that the garnishee-defendant might be liable, out of its own funds, for interest. As if to punctuate this, the court rule's provision on what the garnishee-defendant must actually pay out repeats the basic elements of the provision block-quoted above. See MCR 3.101(J)(4). Thus, contrary to the majority's conclusion, there is no basis in MCR 3.101 for concluding that the garnishee-defendant is somehow liable for a separate award of interest.

Finally, while the majority may have been swayed by the length of time it has taken to satisfy the consent judgments in this case, it is worth noting that the majority's holding will allow a separate award of judgment interest against a garnishee-defendant regardless of whether the delay in paying the garnishment amount is due to the garnishee's wrongful conduct. Thus, the claim recognized by the Court today is even more robust than similar protections enacted by legislatures in our sister states. See, e.g., *Thompson v Catlin Ins Co (UK) Ltd*, 431 P3d 224, 231-232 (Colo, 2018).

Because a garnishment proceeding does not constitute a separate civil action, I would hold that Empire is liable only for prejudgment interest from the date of filing of the complaint in the underlying action until the consent judgments were entered on March 14, 2000.[9] I would deny leave because the Court of Appeals reached this result in a thorough and thoughtful published opinion. For these reasons, I respectfully dissent.

CLEMENT, J., joins the statement of VIVIANO, J.

CAVANAGH, J., did not participate due to her prior relationship with Garan Lucow Miller, P.C.

WELCH, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

---

[9] As previously mentioned, Empire's insurance policy provided that it would pay postjudgment interest only for underlying cases that it defended. It is uncontroverted that Empire did not defend the underlying suit, thereby triggering this limitation. See *Matich*, 430 Mich at 24 (recognizing that, in the context of postjudgment interest, an "insurer may limit the risk that it assumes") (quotation marks and citation omitted). Garnishor-plaintiffs do not contest the validity of this exclusion, relying instead on a contention that Empire breached its duty to defend. However, this argument fails because, as the Court of Appeals concluded, the issue of whether a breach of contract occurred was neither litigated in nor decided by the trial court. See *Stockdale v Jamison*, 416 Mich 217 (1982) (holding that a garnishee-defendant may be liable for breaching a "duty to defend" when the parties litigate, and a court decides, whether a breach of contract occurred). Therefore, while this provision does not limit Empire's liability for prejudgment interest that accrued before March 14, 2000, it does limit its liability for postjudgment interest that accrued after that date.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 9, 2021

t0406



Clerk